Robert H. BLANKE, Appellant,

v.

William BROWN, Respondent.

No. 47279.

Missouri Court of Appeals, Eastern District, Division Seven.

Dec. 13, 1983.

Richard B. Blanke, Olivette, for appellant.

**574**

George D. Pittman, St. Louis, for respondent.

CRIST, Judge.

Dismissal for failure to prosecute. We reverse and remand.

Appellant (plaintiff) filed a civil suit against respondent in 1975 for an alleged breach of fiduciary duty. The circuit judges of the Twenty-first Judicial Circuit adopted court rules designated Twenty-first Circuit Local Rules, County of St. Louis, effective April 22, 1983, in part as follows:

### 37.1.1 CIRCUIT CLERK DISMISSAL DOCKETS

When so directed by the Presiding Judge or by the Director of Judicial Administration, the civil docket clerk, the domestic relations docket clerk, and the equity docket clerk shall prepare a dismissal docket. The docket shall consist of cases in which the claimants, whether plaintiff or defendant, have taken no action to prosecute their claim for a period of one year. Said circuit dismissal docket will be published in the St. Louis Countian approximately four (4) weeks in advance of the date on which the dismissal docket will be called. If the claimant's attorney does not contact the Presiding Judge on or before the call of the civil dismissal docket and secure an order removing the case from the dismissal docket, any civil case on the dismissal docket will be dismissed without prejudice for failure to prosecute. If the claimant's attorney does not contact the Judge presiding over a team to which an equity or domestic relations case is assigned that may appear on a dismissal docket, it will be dismissed without prejudice for failure to prosecute unless removed from said docket by the Judge presiding over that team. No cases shall be removed from any dismissal docket unless all costs are secured. It shall be the general policy that no case shall be removed from a dismissal docket on more than one (1) occasion.

On March 30, 1983, the cause was placed on the civil dismissal docket, scheduled for dismissal on May 5, 1983. On May 5, 1983, a St. Louis County Circuit Judge, who was not the presiding judge, removed the case from the dismissal docket for good cause shown. On May 6, 1983, the presiding judge of the Twenty-first Judicial Circuit, without notice, dismissed the cause without prejudice for failure of plaintiff to prosecute, and set aside the May 5, 1983 order of his fellow circuit judge.

Plaintiff did not contact the presiding judge as required by Rule 37.1.1. He did contact another county circuit judge. In any event, the circuit judge who entered the May 5 order, or any other circuit judge of the Twenty-first Judicial Circuit, had jurisdiction to remove the case from the civil dismissal docket. However, no judge other than the presiding judge should entertain a motion to remove from the dismissal docket when the presiding judge, or someone acting for him, is available. The circuit judges of the Twenty-first Judicial Circuit have adopted Rule 37.1.1, and should abide by such rule absent exigent circumstances.

When the other circuit judge ordered the cause removed from the dismissal docket, it was removed. The presiding judge had no authority to overrule the order of dismissal without a hearing showing the other circuit judge had exceeded his authority. Rule 37.1.1 did not, ipso facto, wrest jurisdiction of other circuit judges regarding removal of civil cases from a dismissal docket. However, these other circuit judges should ordinarily not assume such jurisdiction. See *State ex rel. Reece v. Campbell,* 551 S.W.2d 292, 296 (Mo.App. 1977).

Judgment of the presiding judge is reversed and the cause remanded.

DOWD, C.J., and PUDLOWSKI, J., concur.