CITY OF KANSAS CITY, Missouri, Respondent,

v.

Carl RULE, Appellant.

No. 65681.

Supreme Court of Missouri, En Banc.

July 17, 1984.

---

**22**

Jeffrey P. Hiles, Legal Aid of Western Missouri, Kansas City, for appellant.

Richard N. Ward, Jack H. Schrimsher, Edward B. Rucker, Kansas City, for respondent.

Jaci L. Morgan, Court Administrator's Office, Circuit Court of Jackson County, Kansas City, amicus curiae.

WELLIVER, Judge.

This is an appeal from a conviction of carrying a concealed weapon in violation of § 26.179, Revised Ordinances of Kansas City. The case was assigned to the associate circuit division of the Jackson County Circuit Court pursuant to a general administrative order. The Court of Appeals, Western District, sua sponte and before addressing the merits of the case, ruled that the associate circuit judge was without jurisdiction to hear the case because the assignment order did not name the specific judge to which the case was assigned. The court of appeals transferred the case to us because of the general interest and importance of the case. Rule 83.02. We hold that the trial court had jurisdiction and retransfer the case to the court of appeals for consideration of the appeal on its merits.

I

Appellant was tried and convicted in the municipal division of the Circuit Court of Jackson County in December 1981. In ac-

cordance with § 479.200, RSMo 1978,[1] appellant requested a trial de novo before a jury. The case routinely was assigned to the associate circuit division pursuant to Administrative Order No. 532 of the Jackson County Circuit Court. That order, entered on November 30, 1979 by then Presiding Judge Laurence R. Smith, in relevant part provides: "It is hereby ordered that Municipal Division cases in which trials de novo are requested may be heard and disposed of by associate circuit judges of the Circuit Court of Jackson County, Missouri." Appellant was convicted and sentenced to six months confinement and fined $500. He appealed to the Western District.

Without reaching the merits of appellant's appeal, the Western District court held that the assignment in this case was defective in that it failed to specifically name the judge to whom the case was assigned.

## II

■■■ It is, of course, undisputed that the associate circuit division has no constitutional or statutory authority to hear cases coming from the municipal division. *See* § 478.225. They may hear such cases only when authorized to do so through one of three methods of assignment: (1) pursuant to an order of the presiding judge of the circuit entered under § 478.240.2; (2) pursuant to a local court rule adopted under § 478.245.1; or (3) pursuant to an order of this Court entered under article V, § 6 of our state Constitution. *See* § 478.225.4. The parties agree that § 478.240.2 controls. The statute reads in pertinent part:

> Subject to the authority of the supreme court and the chief justice under article V of the constitution, the presiding judge of the circuit shall have general administrative authority over all judicial personnel and court officials in the circuit, including the authority to assign any judicial or court personnel anywhere in the circuit, and shall have the authority to assign judges to hear such cases or classes of cases as the presiding judge

may designate, and to assign judges to divisions. Such assignment authority shall include the authority to authorize particular associate circuit judges to hear and determine cases or classes of cases in addition to those authorized in section 478.225.

*Id.*

■■■ We believe that Administrative Order No. 532 comports with the statute. The order would appear to be what the legislature contemplated when it granted the presiding judge "authority to assign judges to hear such cases or classes of cases as the presiding judge may designate." § 478.240.2. It seems clear that the legislature intended the word "judges" as used in the statute to encompass both circuit judges and associate circuit judges since earlier in the same provision it authorized the presiding judge to "assign any judicial ... personnel anywhere in the circuit."

The Western District's reading of the statute resulted from its belief that the assignment powers granted to presiding judges in § 478.240.2 should be narrowly construed. Two factors prompted the court to take such a view. The court pointed to language in the statute providing that "[s]uch assignment authority shall include the authority to authorize *particular* associate circuit judges to hear and determine cases or classes of cases in addition to those authorized in section 478.225." *Id.* (Emphasis added.) The Western District believed that the legislature's use of the word "particular" evidenced a desire to require specific identification of each associate judge assigned to hear cases other than those mentioned in § 478.225. We find this reasoning unpersuasive. It is not clear to us what policy or purpose would be furthered by requiring a presiding judge who desires to authorize associate circuit judges in the circuit to hear certain classes of cases to mention each judge by name in the order. It makes more sense to construe the language in question as specifically au-

1. All subsequent references are to RSMo 1978 unless otherwise indicated.

thorizing a presiding judge to assign, if he or she so chooses, specific associate circuit judges or associate circuit divisions to hear certain cases or classes of cases.[2] Read in this manner, the provision parallels § 478.-245.1(1), which states that "the circuit judges of the circuit may adopt local rules which provide: (1) cases or classes of cases that may or shall be assigned to particular divisions of the circuit court."

The Western District also sought to justify its narrow reading of the statute on the basis of a discerned legislative desire to strictly contain the jurisdiction of associate circuit judges. The court contended that when the legislature enacted legislation implementing the revised judicial article of our Constitution[3], it

> undertook to define meticulously the limits of jurisdiction of associate circuit judges. With some minor differences, the legislation reflects a purpose to confine the original jurisdiction of associate circuit judges to that formerly exercised by magistrates. The assignment of associate circuit judges under § 478.240 to hear other classes of cases therefore constitutes an exception to the normal judicial business in those courts as contemplated by the legislature when original jurisdiction limitations on associate circuit courts were defined.
>
> Exercise of the assignment power given to presiding judges by § 478.240 on a particularized basis serves to maintain the general scheme of limited jurisdiction in associate circuit courts.

■ Based on our study of the legislation implementing article V, we find no basis for the conclusion that the legislature sought to narrowly delimit the jurisdiction of associate circuit judges. Indeed, all indications are to the contrary. Section 17 of article V sets forth the constitutional bounds of the jurisdiction of the associate circuit division. It provides:

> Associate circuit judges may hear and determine all cases, civil or criminal and all other matters as now provided by law for magistrate or probate judges *and may be assigned such additional cases or classes of cases as may be provided by law.* In probate matters the associate circuit judge shall have general equitable jurisdiction.

*Id.* (Emphasis added.) Pursuant to this provision, the legislature enacted § 478.-225. Subsections 2 and 3 of the statute enumerate numerous classes of cases which may be heard by associate circuit judges. In addition, § 478.225.4 provides that "associate circuit judges may hear and determine such cases or classes of cases which are transferred or assigned to them pursuant to section 478.240 or 478.245 or section 6 of article V of the Constitution." *Id.* As indicated earlier, §§ 478.240 and 478.245.1 grant, respectively, the presiding judge of the circuit and circuit judges (through the adoption of local court rules) broad authority to assign associate circuit judges to hear cases or classes of cases other than those either previously heard by magistrate judges or mentioned in § 478.-225. This authority is limited only by § 478.240.2(1)–(4) and the rules of this Court. Far from narrowly fixing the jurisdiction of associate circuit judges, we believe this statutory scheme evinces a legislative desire to leave the bounds of the jurisdiction of such judges to the determination of the judiciary. We reject, therefore, the assertion made here and else-

---

**2.** *See, e.g.,* Administrative Order No. 82–25, Circuit Court of Jackson County, entered April 1, 1982 (superceding Administrative Order No. 532):

> Pursuant to Paragraph 2, Section 478.240, R.S.Mo., all trials de novo/appeals from the Municipal Division comprising the Kansas City Municipal Court, which are presently on file or which may hereafter be filed, shall be assigned to, heard by and disposed of by the Associate Circuit Judges of Divisions 101, 102, 103, 104, 105 and 107, each as an Acting

Circuit Judge with no right of trial de novo therefrom.

Here only six of the eight divisions of the associate circuit division are designated to hear trials de novo. Under Rule 6.1.3 of the local court rules of the Sixteenth Judicial Circuit, Divisions 106 and 108 are assigned to hear "[C]ontested [D]omestic [P]roceedings."

**3.** *See* Mo. Const. art. V; adopted August 3, 1976, effective January 1, 1979.

where, *see In re Marriage of Bruske*, 656 S.W.2d 288, 291 (Mo.App.1983), that under our unified court plan the associate circuit division is intended merely to assume the jurisdiction and powers of the former magistrate courts. Both the Constitution and the statutory scheme enacted thereunder reflect a clear intent to enlarge the role of the associate court division in our unified court scheme beyond that of the now abolished magistrate courts in order to better utilize judicial manpower and to expedite the handling of cases. In leaving the breadth of the jurisdiction of the associate circuit division to the judiciary, the legislature may well have believed that the local circuit courts, subject to the supervision of this Court and certain statutory restrictions,[4] can best decide what cases or classes of cases should be assigned to associate circuit judges in order to promote the efficient administration of justice in this state.

We hold that the trial court properly exercised jurisdiction over this case. We retransfer to the court of appeals for consideration of the other issues raised by appellant.

All concur.

---

4. *See, e.g.,* § 478.240.2(1)–(4); § 478.245.2(1); § 478.250.3; § 534.060. *See also Crossroads West Shopping Center, Ltd. v. American Oil Co.,* 658 S.W.2d 445 (Mo.App.1983).