**Barbara PLOUDRE, Appellant,**

v.

**David PLOUDRE, et al., Respondents.**

No. 47390.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 28, 1984.

James Roland Wright, Clayton, for appellant.

Donald Raymond Raney, St. Louis, for respondents.

STEWART, Judge.

Plaintiffs, the children of Louis Ploudre, Sr., deceased, brought an action in trespass and injunction against defendant, their stepmother. Defendant filed a counterclaim in three counts in which she sought to cancel a deed to the real estate in question, damages and a permanent injunction. Under the organization of the Circuit Court of St. Louis County the action was filed in Division 36 which is presided over by an associate circuit judge. After numerous motions, hearings and orders, the cause was transferred to the associate circuit judge of Division 35, who dismissed the action sua sponte. The court reasoned that Division 36 had no jurisdiction when the action was filed thus all subsequent action taken was a nullity. We reverse and remand.

When this action was filed plaintiffs sought a temporary restraining order. On January 23, 1981, the presiding judge of the circuit court granted the temporary restraining order upon posting of bond, and issued an order to show cause why an injunction should not be granted. The presiding judge then assigned the cause to Division 36 for hearing on the show cause order and injunction. The record does not show how this matter was brought before the presiding judge of the circuit court.

On January 30, 1981, a hearing was held and the associate circuit judge dissolved the temporary restraining order. On the same day, defendant filed her counterclaim seeking among other things damages in the sum of $500,000.00. The court in Division 36 certified the cause to the presiding judge of the circuit court. The presiding judge of the circuit court assigned the cause back to Division 36. The court in Division 36 conducted a hearing, assessed damages upon the injunction bond and returned the cause to the circuit court. The presiding circuit judge then assigned the entire cause to Division 38, presided over by Associate Judge Hais.

The court in Division 38 entered summary judgment for defendant on Count I of her counterclaim and designated it as a final judgment for purposes of appeal. An appeal filed by plaintiffs was later dismissed.

On April 28, 1983 the court in Division 38 granted plaintiffs' motion for change of judge. The cause was transferred to Division 35, Associate Judge Eberwein, who sua sponte dismissed the case for lack of jurisdiction when originally filed in Division 36. He also held that the presiding judge of the circuit court had no jurisdiction to make the assignment to Division 36 because the case was filed in an associate division and had not been certified to the circuit court.[1] Other facts will be set out as the issues are discussed.

1. The text of Judge Eberwein's order follows: On 5–6–83 the above cause was assigned to Division 35 by the presiding judge. Court sua sponte finds that in cause no. 36C81–0097 petitioner filed suit in Division 36 Associate Circuit Court on 1–21–81 and in said petition requested a temporary injunction and permanent injunction enjoining defendants from entering upon and interferring with plaintiff's use and enjoyment of real property. Court finds Division 36 had no jurisdiction to hear the cause.

On 1–23–81 Division 5 of the Circuit Court signed a show cause order and set a bond on said associate circuit file. Division 5, then presiding judge of the circuit, assigned cause to Division 36 for hearing on injunction. Court finds cause was not certified and that Division 5 had no jurisdiction to issue show cause or assign an associate circuit case that was not certified to the division it was originally filed in. On 1–30–81 Answers and a Counterclaim was filed in Division 36. Said answers among other

The issues as presented by the judgment of the trial court are whether the action as filed in Division 36 must fail for lack of subject matter jurisdiction and whether the presiding judge of the circuit court could assign a case to be tried by an associate circuit judge that had been originally filed in the associate division and had not been certified to the presiding judge.

There are but three courts in the State of Missouri as provided by Article V § 1, of the Missouri Constitution: "The judicial power of the state shall be vested in a supreme court, a court of appeals consisting of districts as prescribed by law, and circuit courts."

The circuit courts are the only courts on the trial level. There is no longer a magistrate court and the constitution as amended did not create an associate circuit court. Magistrates were integrated into the judicial system as associate circuit judges. The presiding judge of the circuit court has general administrative authority over the associate circuit judges. § 478.240.2 RSMo 1978.[2]

Associate circuit judges may originally hear and determine those cases enumerated in § 478.225. In addition they may hear and determine those cases or classes of cases as may be assigned to them by order of the presiding judge of the circuit under § 478.240; pursuant to local court rules under § 478.245.1; or by order of the Supreme Court under Art. V, § 1, Mo. Const. As was said in *City of Kansas City v. Carl Rule*, 673 S.W.2d 21 (Mo. banc 1984):

> Both the Constitution and the statutory scheme enacted thereunder reflect a clear intent to enlarge the role of the associate court division in our unified court scheme beyond that of the now abolished magistrate courts in order to better utilize judicial manpower and to expedite the handling of cases.

*Id.*, at 25.

■ The case before us was filed in Division 36 of the Circuit Court of St. Louis county. It cannot be considered to have been filed in an associate circuit court because there is no associate circuit court. The associate judge was not authorized to hear and determine that action. § 478.225. The Circuit Court of St. Louis County has subject matter jurisdiction of the action, however, and a circuit judge or an associate judge to whom the case has been properly assigned may hear and determine the case. It follows that the court in which this cause was filed did have jurisdiction but the associate circuit judge of that division was not authorized to hear and determine the cause without a proper assignment.

■ Was the presiding judge of the circuit court authorized to assign the cause to Division 36 for further proceedings when the cause had not been certified to the presiding judge by the associate circuit judge? It has recently been held that such an order can be made by the presiding judge without certification or disqualification. *Ballard v. Ryan*, 646 S.W.2d 398, 401 (Mo.App.1983). The circuit court had jurisdiction over the case and the presiding judge had the authority to rule upon the request for a temporary restraining order.

The Circuit Court of St. Louis County had jurisdiction; the trial court erred in dismissing the case.

■ Respondents do not defend the specific rulings of the trial court rather they raise yet another issue. They contend that the associate circuit judge in Division 35 who dismissed the case did not have subject matter jurisdiction because there had

things contested Division 36's jurisdiction. Said cause was certified to Circuit Court because of counterclaims on 1–30–81. Thereafter, multiple pleadings, proceedings, judgments, judgments set aside and modified were entered and an appeal to the St. Louis Court of Appeals was filed and dismissed by said Court. Court herein finds Division 36 lacked original jurisdiction and all orders thereafter were a nullity not withstanding their incomprehensibility.
Cause dismissed for lack of jurisdiction.
Costs against plaintiff.

**2.** All statutory references herein are to Mo.Rev. Stat.1978 unless otherwise indicated.

never been an effective order by the presiding judge assigning the associate circuit judge to hear the case.

While the case was pending before Division 38, the associate circuit judge granted plaintiff's motion for change of judge. The order granting the change of judge contains an entry reassigning the cause to Division 35. This entry has a notation which, as plaintiffs read it, is "Lois". It could be someone's initials. It also has a signature above the line for signature by the judge. We can decipher neither of these signatures or initials. The dismissal order of the judge in Division 35 recites that "On 5–6–83 the above cause was assigned to Division 35 by the presiding judge."

The procedure upon disqualification of an associate circuit judge is set out in § 478.-255.1 RSMo 1982 supp. and reads as follows:

> When the presiding judge assigns an associate circuit judge to sit as a circuit judge in a case and, thereafter, the associate circuit judge is disqualified from hearing the case, the case shall be returned to the presiding judge for reassignment to another judge of the circuit court including the presiding judge himself should that be necessary in the discretion of the presiding judge.

If in fact the cause was assigned to Division 35 by the presiding judge, a matter the circuit court can readily ascertain, we reverse and remand to Division 35 of the circuit court for further proceeding.

If the cause was not returned to the presiding judge for reassignment the transfer was improper. § 478.255.1. The improper transfer would not divest the circuit court of subject matter jurisdiction; the effect would only affect the transfer of the action to Division 35. In this event the case should be returned to the presiding judge for reassignment.

The case is reversed and remanded with directions to determine whether the transfer to division 35 was proper and to proceed with the case in accordance with the directions of this court.

This case serves to illustrate the problems that can arise in multi-judge courts when cases can be filed in multiple divisions.

KELLY, P.J., and SNYDER, J., concur.