**STATE of Missouri, ex rel., Donna Sue AMATO, Relator,**

v.

**The Honorable Patrick CLIFFORD, Judge of the Associate Circuit Court, St. Louis County, Missouri, Division 39, Respondent.**

No. 49271.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 5, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Philip T. Ayers, St. Ann, for relator.

James M. Daly, P.C., Stephen G. Bell, St. Louis, for respondent.

DOWD, Presiding Judge.

*Prohibition.*

On October 18, 1982, relator, filed suit in Division 38 of the Circuit Court of St. Louis County, an associate circuit judge presiding. In Count I, relator sought $4,500 damages for personal injury sustained by her as a result of an automobile collision. Count II of the petition sought damages of $500 on behalf of relator's mother for property damages.

On August 22, 1983, relator requested trial by jury and in accordance with the mandated procedure of § 517.520.2 RSMo 1978 the case was "certified for assignment" by the associate circuit judge to the presiding circuit judge. The presiding judge of the circuit court, complying with mandated procedure of this statute, entered the following order of assignment: "This case is assigned to Associate Circuit Judge Clifford of Division No. 39 to act as Circuit Judge for purpose of hearing and deciding by use of an electronic recording device."

On January 20, 1984, relator filed an amended petition increasing the prayer in Count I to $50,000 and the prayer in Count II to $5,000. Case was set for trial October 1, 1984. Before the trial began on October 2, 1984, respondent's attorney representing the defendant filed an oral motion to require relator to reduce her prayer to $5,000 on the ground that the prayer in excess of $5,000 exceeded the jurisdiction of the associate circuit judge.

Thereafter, respondent judge advised relator of his intention of granting the oral motion to require relator to reduce her prayer to $5,000 but granted relator time to obtain a writ of prohibition. It is obvious

that respondent judge did not believe he had jurisdiction to permit the amendment to the prayer that then exceeded his jurisdiction as an associate circuit judge.

We issued our preliminary rule in prohibition. The parties briefed and argued the case.

Respondent's main contentions are that an associate circuit judge has no jurisdiction to hear a case where the prayer is in excess of $5,000, and prohibition is being used erroneously.

The primary issue here is whether an associate circuit judge who has been properly assigned to hear a case by the presiding judge of the circuit court as a result of a request for a jury trial, has the jurisdiction to permit an amendment to the prayer to an amount in excess of the associate circuit division's original jurisdiction and next, whether prohibition is the proper remedy. We answer affirmatively on both issues.

In analyzing this issue, we are mindful of the following statement made in *City of Kansas City v. Rule*, 673 S.W.2d 21, 24, 25 (Mo. banc 1984):

> We reject the assertion ... that under our unified court plan the associate circuit division is intended merely to assume the jurisdiction and powers of the former magistrate courts. Both the Constitution and the statutory scheme enacted thereunder reflect a clear intent to enlarge the role of the associate court division in our unified court scheme beyond that of the now abolished magistrate courts in order to better utilize judicial manpower and to expedite the handling of cases.

The proceedings applicable after certification where a jury trial is requested in a case pending before an associate circuit judge are governed by § 517.520.2. This statute provides in part that the presiding judge of the circuit shall assign the case to either a circuit judge or an associate circuit judge "with the case to be heard on the record in accordance with procedures applicable before circuit judges with no right of trial de novo." And that after assignment to an associate circuit judge, "further proceedings shall be had as if the case was originally commenced under the practice and procedure applicable before circuit judges, but the sufficiency of plaintiff's petition shall be adjudged according to the procedures under chapter 517."

After certification and assignment respondent associate circuit judge is hearing the case as a circuit judge. Had the same suit been filed originally before a circuit judge, the petition could have been amended from an amount less than $5,000 to any amount in excess of $5,000. It is clear that the statute expressly provides that a certified case is to be treated in the same manner as cases originally filed before a circuit judge.

The fact that after certification § 517.520.2 (Rule 41.01) requires "the sufficiency of the plaintiff's petition shall be adjudged according to the procedures under Chapter 517" does not bar the amendment of plaintiff to an amount in excess of an associate circuit judge's original jurisdiction. Section 517.050 provides that no formal pleadings are necessary in the associate circuit division. This statute requires the plaintiff to file a pleading but does not require the pleading to adhere to any particular form except in certain special cases not applicable here. The test for sufficiency of plaintiff's petition is whether the pleadings advises defendant of the nature of the action and suffices to bar another action thereon by plaintiff. *Kershner v. Hilt Truck Lines, Inc.*, 637 S.W.2d 769, 771 (Mo.App.1982).

Permitting plaintiff to increase the prayer after certification is consistent with § 517.240.2 which permits defendant to assert a counterclaim with no monetary limitation and then have the entire case certified. Following respondent-attorney's argument, plaintiff would be constrained by his original prayer with there being no limitation on defendant's prayer. If the defendant is permitted to avoid the jurisdictional amount of Chapter 517, then after certification the plaintiff should have the

same right. This is consistent with the express language of the statute. (§ 517.-520.2)

The respondent has the jurisdiction to permit the amendment and hear the case where the prayer is in an amount in excess of the associate circuit judge's original jurisdiction. This is in keeping with the practice and procedure applicable before circuit judges.

■ In determining whether prohibition should issue we are guided by the following principles. The essential function of prohibition is to confine inferior courts to their proper jurisdiction and to prevent them from acting without or in excess of their jurisdiction. *State, ex rel. McDonnell Douglas v. Gaertner*, 601 S.W.2d 295, 296 (Mo.App.1980). The writ is preventive in nature rather than corrective. It issues to restrain the commission of a future act and not to undo one that has already been committed. It is generally allowed to avoid useless suits and thereby minimize inconvenience and to grant relief when proper under the circumstances at the earliest possible time in the course of the litigation. It should not be granted except when usurpation is clearly evident. *State, ex rel. McCarter v. Craig*, 328 S.W.2d 589 (Mo. banc 1959).

■ Since it is clearly evident that after certification the assigned associate circuit judge acts as a circuit judge authorizing him to hear a case without monetary limits, prohibition will lie. Otherwise, the plaintiff would be required to try his case with the limited prayer and raise this issue on appeal. Prohibition is properly used to obviate a useless suit. *State, ex rel. McDonnell Douglas v. Gaertner, supra,* 296.

■ Respondent's attorney raises other points which we find to be without merit. These points include the contention that relator was required to apply to a circuit judge for a writ of prohibition, before applying to this court citing Rule 84.22 and *State, ex rel. Bowman v. Block*, 620 S.W.2d 69 (Mo.App.1981). Respondent's at-

torney misses the point. The respondent associate circuit judge was appointed to hear this case as a circuit judge and hence, Rule 84.22 and *State, ex rel. Bowman v. Block, supra,* are not applicable.

■ Next, respondent's attorney contends that relator is not entitled to a jury trial because relator's request for a jury trial was not timely made citing local rule 63.5.1 which requires that requests for trial by jury in the associate circuit division shall be made within 20 days of the return date following service of the defendant. However, the statute (§ 517.630) governing demand for jury trial in the associate circuit division provides that a jury trial can be demanded "before the judge shall commence an investigation of the merits of the cause, by an examination of the witnesses or the hearing of any other testimony." This statute further provides that "in the event a jury trial is requested, the case shall be certified for assignment as provided in § 517.520." This procedure was followed by respondent judge and the request for a jury trial was timely made. Further there was no objection by respondent's attorney that the request for a jury was not timely made. The only objection made below was that as a result of the amendment the jurisdiction of the associate division was exceeded. The point is without merit.

For an erudite analysis of the procedures to be followed for matters pending before an associate circuit judge see two works by Judge Robert S. Cohen, *Actions Before Association Circuit Judges*, Missouri Civil Actions, Volume II, The Missouri Bar (1981), Ch. 24 and *Civil Practice Before Associate Circuit Judges Since the Court Reform*, 37 J.Mo. Bar 217 (1981).

The preliminary rule of prohibition is made absolute.

PUDLOWSKI and SIMON, JJ., concur.