Kris JURGENS, Appellant,

v.

RAM LEATHER CARE, Respondent.

No. WD 35121.

Missouri Court of Appeals,
Western District.

March 19, 1985.

Donald L. Cain, Kansas City, for appellant.

Timothy W. Monsees, Morris, Larson, King, Stamper & Bold, Kansas City, for respondent.

Before PRITCHARD, P.J., and SHANGLER and BERREY, JJ.

SHANGLER, Judge.

The action commenced as a pro se petition in the small claims court by Jurgens against former employer Ram Leather Care for $500 unpaid wages and vacation pay. The defendant Ram Leather responded with a counterclaim in excess of the small claims court jurisdiction [§ 478.225, RSMo Supp.1984] and was certified by that tribunal to the circuit court [Rule 145.06]. The presiding judge of the circuit court assigned the case to Associate Circuit Judge Stitt, in lieu of a circuit judge. The plaintiff then engaged counsel and amended her petition to enlarge the claim, and applied for change of judge. Judge Stitt ordered the cause transferred to Judge Romano, another associate circuit judge. Thereafter, the formal order of Judge Romano transferred the cause to Judge Iannone, yet another associate circuit judge, "[b]y agreement of Judges." Judge Iannone tried the case, and entered judgment for the defendant on the petition. The defendant thereupon dismissed the counterclaim.

The plaintiff Jurgens contends on appeal that the judgment was rendered by an associate circuit judge other than the associate circuit judge duly assigned to adjudicate the case, and hence is void. The contention amounts to an assertion of want of jurisdiction by Associate Circuit Judge Iannone over the subject matter of the suit.

The jurisdiction of an associate circuit judge is confined by statute to the limited class of cases enumerated in § 478.-225, subsections 2 and 3, RSMo Supp.1984, *except that* an associate circuit judge may hear and determine such other cases or classes of cases as are assigned by an order of the presiding judge of the circuit court [§ 478.240.2], or by circuit court rule [§ 478.245.1(1)], or by order of the supreme court [Mo. Const. Art. V, § 6]; *City of Kansas City v. Rule*, 673 S.W.2d 21, 23[1, 2] (Mo. banc 1984). The subject matter confided to an associate circuit judge for adjudication by § 478.225 includes [subdivision (1) of subsection 2] "all civil actions and proceedings for the recovery of money ... when the sum demanded, exclusive of interest and costs, does not exceed five thousand dollars." The counterclaim of defendant Jurgens was for $15,500 [for employment duty mismanagement], and hence beyond the conferred subject matter jurisdiction of an associate circuit judge. In such a case, the associate circuit judge must certify the case to the presiding judge of the circuit court for assignment to a circuit judge or to an associate circuit

judge for hearing. §§ 517.240.2 and 517.-520.2. Those directions appertain also to a petition before the associate circuit judge in the small claims court. Rule 145.06.

The procedure was duly followed, and the order of the presiding judge of the circuit court assigned the case to Associate Judge Stitt. The plaintiff Jurgens thereafter applied for change of judge, and Associate Judge Stitt simply transferred the cause *by his order* to Associate Circuit Judge Romano. The clear direction of the statute [§ 478.255.1], however, is:

> When the presiding judge assigns an associate circuit judge to sit as circuit judge in a case, and thereafter, the associate circuit judge is disqualified from hearing the case, *the case shall be returned to the presiding judge for reassignment* to another judge of the circuit court including the presiding judge himself should that be necessary in the discretion of the presiding judge. [emphasis added]

Thus, the peremptory terms of the statute empower an associate circuit judge who sits as a circuit judge in a case by assignment and is thereafter disqualified to return the case to the presiding judge—and nothing more. The disqualification to hear the case exhausts the power to adjudicate as a circuit judge as to the subject matter of that case or class of cases and terminates the enhanced jurisdiction under the assignment.

■ The defendant Ram Leather concedes that, in the absence of an order of reassignment by the presiding judge of the circuit court, the transfer of the cause by the order *simpliciter* of Associate Circuit Judge Stitt was without effect to invest Associate Circuit Judge Romano [and hence Associate Circuit Judge Iannone] with jurisdiction over the subject matter of the cause. The defendant contends the provision of § 478.255.1, that an associate circuit judge under assignment by order of the presiding judge of the circuit court must return the case for reassignment upon disqualification notwithstanding, an-

other provision of statute enabled the judgment rendered by Associate Circuit Judge Iannone: subsection 6 of § 478.225:

> *Associate circuit judges* in addition to the cases enumerated in this section *also may hear, and determine* within the county of their residence *any other civil case if a written consent to such hearing and determination executed by all of the parties to the case, either personally or by counsel, is filed of record in the case.* Such consent may be as to all proceedings with respect to the case or it may be limited to particular pretrial matters or other proceedings in the case. [emphasis added]

The defendant Ram Leather acknowledges that "the technical requirements of consent were not rigidly adhered to"—that is: *a written consent to such hearing and determination executed by all the parties to the case, either personally or by counsel, filed of record in the case.* The defendant contends, nevertheless, that the letter by counsel for plaintiff Jurgens on May 4, 1983, to counsel for defendant Ram Leather that as a consequence of the application for change of judge lodged by the defendant the case was set for trial on May 19, 1983, before Associate Circuit Judge Iannone, coupled with the actual trial of the case to that court, amounted to a "consent to such hearing and determination" satisfies the conditions of the § 478.225.6 for valid associate circuit judge original jurisdiction over the cause.

The proviso of subsection 6 that a *written consent to such hearing and determination executed by all the parties to the case, filed of record in the case,* imposes not a mere "technical requirement," but a condition precedent to the power of an associate circuit court to adjudicate cases otherwise reserved to the plenary jurisdiction of the circuit court. The condition that the written consent to the associate circuit court exercise of jurisdiction be made a part of the record in the case serves the same function of an order of assignment by

the presiding judge of the circuit court [§ 478.240.2], or by circuit court rule [§ 478.245.1(1)], or by order of the supreme court [Art. V, § 6]: to authenticate the regularity of a proceeding and judgment otherwise beyond the authority of that court of limited jurisdiction to render. *City of Kansas City v. Rule*, 673 S.W.2d 21, 23[1, 2] (Mo. banc 1984); *State ex rel. Lambert v. Flynn*, 154 S.W.2d 52, 57[8, 9] (Mo. banc 1941); and *see* Rule 74.32.

The revised judicial article of the Missouri Constitution [adopted August 3, 1976] and the legislation enacted to implement that provision [Chapters 478 and 517 among them] describe a public policy to enlarge the role of the associate circuit court beyond that exercised by the predecessor magistrate court in order to expedite litigation, but within a scheme of ordered jurisdiction. *City of Kansas City v. Rule*, 673 S.W.2d 21, 24[4] (Mo. banc 1984). That scheme [Mo. Const. Art. V, § 17] effective January 1, 1979, confers on an associate circuit judge the jurisdiction exercised by the predecessor magistrate and probate courts and *such additional cases or classes of cases as may be provided by law*. That scheme is implemented by the provision of law [§ 478.225.2 and 3] which enables an associate circuit court to determine the enumerated classes of cases— among them, civil actions for the recovery of money where the demand does not exceed $5,000 [§ 478.225.2(1)]. That scheme is implemented also by the provision of law [§ 478.225.4] that an associate circuit judge may determine such other classes of cases as are assigned by the presiding judge, a rule of court, or by an order of the supreme court or by the provision of law [§ 478.225.6] any other civil case by written consent of the litigants made of record in the proceeding.

■ Thus, an associate circuit judge has neither constitutional nor statutory authority to adjudicate a civil action for the recovery of money in excess of $5,000 *unless* under assignment from the presiding judge of the circuit court, a court rule, or the supreme court—*or* under a written consent of the litigants made a record in the case. The record discloses neither assignment [by a court or rule] nor the written consent of the litigants to submit the dispute to Associate Circuit Judge Iannone for trial and judgment. The "agreement of judges" [as the unilateral order of transfer from Associate Circuit Judge Romano to Associate Circuit Judge Iannone describes the transfer], absent the written agreement of the parties in the case, does not satisfy § 478.225.6, nor confer a power to adjudicate a subject matter foreclosed to such a court by law. That judicial order, however benign the motive, can only be *ipse dixit* and pretension of authority, since a court may adjudicate a subject matter only as conferred by law. *State Tax Commission v. Administrative Hearing Commission*, 641 S.W.2d 69, 72[1–5] (Mo. banc 1982). The letter from one counsel to the other to notify of the trial date was not a consent to trial [within the sense of § 478.225.6], but a usual gesture and courtesy. To accede to the postulate of Ram Leather, that the submission of the parties to suit without objection—that is, that the mere exercise by a court of the adjudicatory function— *ipso facto* validates any judgment of an associate circuit court, is to obliterate distinction of rank between trial judges and to refuse efficacy to the scheme of ordered jurisdiction established by constitution and enacted by law.

■ The defense of want of subject matter jurisdiction may not be waived. Rule 55.27(g)(3). The power of an associate circuit judge to adjudicate a claim for money in excess of $5,000 depended on a special statutory condition which lacked—the written consent on record—an element indispensible to the exercise of the judicial power of an associate circuit judge to adjudicate the subject matter of the claim. *State ex rel. Lambert v. Flynn*, 348 Mo. 525, 154 S.W.2d 52, 57[8, 9] (banc 1941). It is a deficiency the parties cannot confer by con-

sent, agreement [except in the manner prescribed by law—§ 478.225.6], nor by submission to trial, nor by estoppel. *Sisk v. Molinaro,* 376 S.W.2d 175, 177[1] (Mo. 1964). It is a deficiency so fundamental as may be raised at any stage of the proceedings. *United Cemeteries Co. v. Strother,* 342 Mo. 1155, 119 S.W.2d 762, 765[1–5] (1938).

The judgment of Associate Circuit Judge Iannone is set aside and the cause is remanded to the Presiding Judge of the Sixteenth Judicial Circuit for reassignment to a circuit judge or an associate circuit judge under the provisions of § 478.240.2.

All concur.