736 S.W.2d 554 (1987)
Barbara LANSING, Respondent,
v.
Joseph LANSING, Appellant.
No. 52331.
Missouri Court of Appeals, Eastern District, Division Four.
August 11, 1987.
Motion for Rehearing and/or Transfer Denied September 9, 1987.
Application to Transfer Denied October 13, 1987.
*555 Ronald David Edelman, Clayton, for respondent.
Mark Belz, Clayton, for appellant.
SIMON, Judge.
Husband, Joseph Lansing, appeals from a decree of dissolution of marriage, entered in the Circuit Court of St. Louis County on April 18, 1986, and also appeals from a nunc pro tunc decree, entered in the same court on October 17, 1986, amending the April 18 decree. Husband asserts five irregularities, one jurisdictional, as the basis for reversal.
Wife, Barbara Lansing, has filed a "motion for costs and damages for frivolous appeal" and a "motion to strike [Husband's] reply brief." For reasons that shall appear herein, both motions are denied.
The facts are not disputed. Husband and wife were married on September 13, 1980. There were two children born of the marriage: Derek Lansing, born May 26, 1982 and Kyle Lansing, born February 19, 1985. Husband and wife were separated on or about the first day of May, 1985.
Wife filed a petition for dissolution of marriage in St. Louis County Circuit Court on January 29, 1986. Wife alleged that during the course of the marriage certain marital property was accumulated by husband and wife, "including but not limited to the marital home located at 8210 Marvale; a 1984 Toyota Corolla; a 1985 Toyota Pickup truck" and certain other personalty. Averring that the marriage had been irretrievably broken, wife prayed that the marriage be dissolved and that she be awarded *556 custody of the minor children. Wife further prayed that husband be ordered to pay a reasonable sum for the support of the children and that the court order "an equal division of the marital property."
Personal service on husband was made on February 8, 1986, but husband failed to file any responsive pleadings. On March 12, 1986, a default and inquiry was granted upon the oral application of wife and the cause was set for hearing on April 18, 1986. By order of the Presiding Circuit Judge, the cause was assigned to Associate Circuit Judge Susan Block for disposition in Division 40 of the Circuit Court of St. Louis County.
However, Judge Block did not hear the case. The hearing was conducted by Associate Circuit Judge William E. Neff. Judge Neff had been assigned by order of the Missouri Supreme Court to sit in Division 40 of the Circuit Court of St. Louis County for the week of April 14, through April 18, 1986. Ordinarily, Judge Neff sat as an Associate Circuit Judge in Macon County, Missouri. The record does not reveal the reason that Judge Neff was sitting in the place of Judge Block on April 18, 1987. Nothing in the record indicates that the presiding judge transferred the assignment of the case to Judge Neff or that Judge Block requested that Judge Neff hear the case.
Although still in default, husband was at the hearing before Judge Neff on April 18, 1986. Husband appeared pro se and wife was represented by counsel. At the hearing, wife asked for all of the marital property, except the 1985 Toyota pickup truck, including the entire interest in the marital residence and all personalty of the marriage contained therein. Wife's request was at variance with the prayer in her petition. After wife had testified, Judge Neff asked husband if there was anything that he wished to say. Husband had questions about the division of property. He stated that he and his wife "were going to divide everything in half and now she has changed her mind and she wants the whole house." He asked the court to "divide the property in half for the house."
Judge Neff responded that husband had had the opportunity to retain counsel, but he was willing to continue the matter if that was husband's desire. Husband stated that he would rather have the divorce granted and did not want it continued. Judge Neff asked if husband understood that wife was "asking for the house and the property that's in the house." Husband answered "yes," but stated that he did not understand the child support arrangement asked for by wife. After adjusting the child support to more fairly correspond with husband's seasonal employment pursuant to husband's concerns, Judge Neff dissolved the marriage. He found that the marriage had been irretrievably broken and that wife's proposed "custody arrangement [was] fair and just and [her suggested] property settlement [was] fair."
In a judgment entered on April 18, 1986, Judge Neff ordered that wife "have as her property solely the real property located at 8210 Marvale (the marital home) in the County of St. Louis" and "all household goods acquired during the marriage and all personal property in her possession." Because the judgment included an award of real estate, the clerk was ordered to file a certified copy of the decree with the St. Louis County Recorder of Deeds. The judgment was signed by Judge Neff. Subsequently, a formal decree of dissolution was prepared in accordance with Judge Neff's April 18, 1986 judgment, and was signed by Judge Block. Judge Block did not hear any evidence in the case. Judge Block's decree mirrored the judgment entered by Judge Neff, except for the amount of child support ordered for the months of June, July, and August. Subsequently, Judge Neff returned to Macon County.
On September 17, 1986, having obtained counsel, husband filed a motion to set aside the decree signed by Judge Block for irregularities. Husband argued that the decree had to be set aside because Judge Block made a judicial determination without having heard any of the testimony or evidence upon which the determination was predicated. Husband maintained that because *557 Judge Block had not heard the testimony or the evidence, she was without jurisdiction to enter the decree and, therefore, the decree was irregular on its face. Husband also argued that he had not been in default since he was present at trial.
On the following day, wife filed a motion to amend the decree of dissolution nunc pro tunc. Wife's motion sought to correct a discrepancy between Judge Neff's April 18th judgment and Judge Block's purported decree in the amount and timing of child support. Wife also sought to have the value and legal description of the marital residence set forth in the decree. It had been omitted in the decree signed by Judge Block. Finally, by her motion, wife sought to have Judge Neff sign the decree.
Both husband's and wife's motions were heard by Judge Neff on October 9, 1986. Husband's motion was overruled and wife's motion was sustained. On October 17, 1986, Judge Neff signed an alleged nunc pro tunc decree of dissolution, amending the judgment of April 18, 1986 in accordance with wife's motion. On October 20, 1986, husband filed his notice of appeal.
In his first point, husband maintains that the decree of dissolution should be set aside for irregularity because the case had not been specifically assigned to Judge Neff. Husband argues that at the time of the hearing, the case had been specifically assigned to Judge Block and, therefore, Judge Neff "was clearly outside of his authority and jurisdiction" in sitting on the case. Husband refers to Local Rule 6.6 of the 21st Judicial Circuit which provides that "[n]o judge, except the Presiding Judge or the Judge presiding over the team to which the absent Judge is assigned, shall act for or enter any orders for another Judge except by assignment of the Presiding Judge or upon request of the absent Judge." Based on Rule 6.6 husband argues that Judge Neff had no power to hear the case because it does not appear of record that he was assigned to do so by the presiding judge or was requested to do so by Judge Block.
At the outset we note that associate circuit judges may originally hear and determine those cases enumerated in § 478.225.2, RSMo (1986) (all further references shall be to RSMo (1986) unless otherwise noted). However, that is not the entire extent of cases that an associate circuit judge may preside over. Associate circuit judges may also hear and determine those cases: (1) assigned to them by order of the presiding judge of the circuit under § 478.240; (2) assigned to them pursuant to local court rules under § 478.245.1; or (3) assigned to them by the Supreme Court pursuant to Article V, Section 6 of the Missouri Constitution. See § 478.225.3; City of Kansas City v. Rule, 673 S.W.2d 21, 23 (Mo. banc 1984). See also, Ploudre v. Ploudre, 676 S.W.2d 296, 298 (Mo.App.1984).
Under Article V, Section 6 of the Missouri Constitution "[t]he supreme court may make temporary transfers of judicial personnel from one court or district to another as the administration of justice requires...." Mo. Const., Art. V, § 6 (as amended 1976). It is undisputed in the instant case that Judge Neff was sitting in Division 40 of the St. Louis County Circuit Court for the week of April 14 through April 18, 1986 pursuant to an order of the supreme court. Husband argues, however, that more was needed to enable Judge Neff to sit on this case (i.e., an assignment by the presiding judge or a request by Judge Block) because of local rule 6.6.
Local rules are not absolutes. The power of the presiding judge to assign cases under local rules is subject to the authority of the supreme court under Article V of the Constitution. § 478.240.2. Local rules governing the assignment of cases are also limited "by § 478.240.2(1)-(4) and the rules of [the supreme] court." See Rule, 673 S.W.2d at 24. Rule 11.01, tracking article V, § 6 of the Constitution, provides that "[the Supreme] Court may make temporary transfers of judicial personnel from one court or district to another as the administration of justice requires."
Here, Judge Neff was transferred by order of the Supreme Court to sit in Division 40 of the St. Louis County Circuit Court. It was in Division 40 that he presided over the instant matter. We conclude *558 that by virtue of the Supreme Court's order he was clothed with the authority to hear the case. See State ex rel. Ellis v. Creech, 364 Mo. 92, 259 S.W.2d 372, 373-74 (banc 1953). Local rule 6.6 did not, ipso facto, wrest jurisdiction from Judge Neff who otherwise had authority to hear the case. See, Blanke v. Brown, 662 S.W.2d 573 (Mo.App.1983). Thus, husband's first point is without merit.
In his second point, husband maintains the decree of dissolution must be set aside because Judge Block signed the decree and entered judgment without hearing the testimony or evidence. We agree that the decree signed by Judge Block was a nullity. Absent stipulation of the parties, a successor judge is without power to render a judgment on testimony and evidence heard by his predecessor. Smith v. Smith, 558 S.W.2d 785, 790 (Mo.App.1977). The formal decree signed by Judge Block was intended to only track the judgment entered by Judge Neff on April 18, 1986, and since Judge Block did not conduct the hearing, she was without authority to sign the formal decree that materially altered the judgment. It does not follow, however, that Judge Neff's judgment must be set aside on account that the decree signed by Judge Block was without legal effect.
This leads us to husband's third point. Husband contends that the nunc pro tunc decree entered by Judge Neff on October 9 must be set aside because of a lack of continuing jurisdiction. Husband argues that the case had already been taken to a final judgment by Judge Block and, therefore, Judge Neff, as a judge pro tempore, lost jurisdiction.
Husband is mistaken in his argument. The judgment was entered by Judge Neff on April 18, 1986. The formal decree document signed by Judge Block did not constitute an entry of the judgment. It was intended to formalize and memorialize the judgment that had already been entered by Judge Neff. Judge Neff's "judgment" contained all the necessities of a decree of dissolution. See MoBar CLE, Family Law § 12.25 (3rd ed. 1982). Further, under § 452.300.4, "`decree' includes `judgments.' " Hence, we conclude that Judge Neff's "judgment," entered on April 18, 1986 is a decree of dissolution.
It is true that the nunc pro tunc decree entered on October 17, 1986 by Judge Neff, amended the April 18 decree. But, it does not follow, as husband claims, that Judge Neff lost the jurisdiction or authority to enter the nunc pro tunc decree by leaving the Circuit of St. Louis County, and could not continue on the case absent reappointment by the supreme court.
While it is the general rule that trial courts ordinarily lose control over judgments thirty days after entry, Rule 75.01, that rule does not apply to nunc pro tunc orders. Abbott v. Seamon, 229 S.W.2d 695 (Mo.App.1950). Jurisdiction of a court of record to amend its judgment by an order nunc pro tunc, is not lost by lapse of time. First National Bank of Collinsville, Ill. v. Goldfarb, 527 S.W.2d 427, 431 (Mo.App.1975). Moreover, a judge whose term has ceased, may sign orders nunc pro tunc for a judgment entered before the expiration of his term. See 46 Am.Jur.2d, Judges, § 31 at 116-17 (1969). See also, Whack v. Seminole Memorial Hospital, 456 So.2d 561, 563-64 (Fla.App.1984). It follows that a judge pro tempore who is no longer sitting in an assigned temporary circuit, may sign orders nunc pro tunc for judgments that he entered while presiding there. Point denied.
In his fourth point, husband contends that decree should be set aside for irregularity because it was improperly amended. Husband argues, citing Warren v. Drake, 570 S.W.2d 803, 806 (Mo.App. 1978), that an order nunc pro tunc can only be used to correct clerical omissions and cannot be used to change substantive provisions of the judgment. We are in accord. However, nothing of substance was altered. The purported change in child support, changed nothing. The nunc pro tunc order mirrored the original judgment entered April 18, 1986. Because the decree document signed by Judge Block was a nullity, the child support provision did not need to be changed.
*559 The nunc pro tunc decree did, however, add the legal description of the marital residence (8210 Marvale) to the April 18, 1986 decree. This was not a substantive change and husband could not have possibly been prejudiced thereby. The judgment entered April 18, 1986 set forth the location of the marital residence as "8210 Marvale in the County of St. Louis." The legal description merely served to further describe what was already in the record and what husband was already aware of. The point is meritless.
In his final point, husband maintains that the decree should be set aside because Judge Neff considered new evidence on October 9, 1986, not previously introduced at the time he entered judgment on April 18, 1986. Husband argues that this admission of new evidence could not be properly done by an order nunc pro tunc. As we discussed in the disposition of point four, it is clear that no new evidence was considered.
In any event, husband was not prejudiced. It has long been the rule in this state that we reverse for errors that materially affect the merits of the action under review. Rowe v. Moss, 656 S.W.2d 318, 322 (Mo.App.1983). Husband was present at the hearing on April 18, 1986 and stated that he understood that wife was asking for the entire marital residence. He was given the option to continue the matter and retain counsel if he so desired, but husband decided that he wanted the divorce granted at that time.
Since wife has prevailed, we find it unnecessary to consider her motion to strike husband's reply brief and, thus, we deny the same. As to her motion for damages for frivolous appeal, it too is denied.
A frivolous appeal has been defined as one which presents no justifiable question and is so devoid of merit on the face of the record that there is little, if any, prospect that an appeal can succeed. Andrews v. Andrews, 673 S.W.2d 495, 500 (Mo.App.1984). The test used to determine if an appeal is frivolous is whether the questions raised are at least fairly debatable. Ravenscroft v. Ravenscroft, 585 S.W.2d 270, 276 (Mo.App.1979). Moreover, absent a finding that the appeal was taken in bad faith, damages will not be awarded under Rule 84.19. Hutchens Brothers, Inc. v. Brownsberger, 624 S.W.2d 538, 541 (Mo.App.1981). Here, there is no evidence whatsoever of bad faith on husband's part. Furthermore, husband has raised important questions of trial procedure and practice, the answers to which were not always simple or obvious. See Burrous v. American Airlines, Inc., 639 S.W.2d 263, 265 (Mo.App.1982).
Judgment affirmed.
GARY M. GAERTNER and STEPHAN, JJ., concur.