THREE BEARS CAMP AND CAMPING,
INC. and Herbert J. Tucker and
Laura Tucker, Plaintiffs–Appellants,

v.

Ann L. JOHNSON and Pat D. Knapp,
d/b/a Patsy Doll's Restaurant,
Defendants–Respondents.

No. 16556.

Missouri Court of Appeals,
Southern District,
Division One.

June 6, 1990.

Gary W. Allman, Cantwell, Allman & Smith, Branson, for plaintiffs-appellants.

Peter H. Rea, Branson, for defendants-respondents.

PREWITT, Judge.

A purported judgment was entered in favor of defendants and against plaintiffs on plaintiffs' petition and defendants' counterclaim. Plaintiffs later moved to set aside the judgment under Rule 74.06(b). After hearing that motion was denied. Plaintiffs appeal.

Plaintiffs contend that Associate Circuit Judge Anthony McConnell, who entered the judgment, lacked jurisdiction to do so because defendants' counterclaim exceeded the monetary jurisdiction of matters which could be regularly heard by an associate circuit judge and that it was not properly before him. The time of various relevant matters in the file are important to the determination of this contention. The record reveals the following:

July 21, 1988   Petition for rent and possession filed by plaintiffs in Circuit

Court of Taney County Associate Circuit Judge Division.

August 16, 1988 Answer and counterclaim filed by defendants.

September 2, 1988 Reply filed by plaintiffs.

September 13, 1988 Associate Circuit Judge Chowning disqualified.

September 16, 1988 Associate Circuit Judge Anthony McConnell, of Christian County transferred to Taney County by Presiding Judge J.C. Crouch, to hear the matter with the "powers and responsibilities as the Associate Circuit Judge in Taney County" (Christian and Taney Counties comprise the 38th Judicial Circuit).

September 29, 1988 Venue changed to Christian County.

December 28, 1988 "Clerk ordered to transfer file to Circuit Court" because counterclaim exceeds jurisdiction.

January 18, 1989 "Case transferred from Associate Division to Division I" (presiding judge).

March 13, 1989 Trial set by Judge McConnell for April 24, 1989.

April 24, 1989 Case continued and reset for May 16, 1989.

May 16, 1989 Plaintiffs fail to appear for trial. Judgment entered on plaintiffs petition and defendants counterclaim in favor of defendants. Defendants receive $134,000 damages on their counterclaim.

August 22, 1989 Plaintiffs file motion to set aside the "Default Judgment".[1]

August 29, 1989 Hearing on plaintiffs' motion to set aside the judgment. Motion denied.

At the time of the judgment the statutes relevant to the issues presented were § 478.220, RSMo 1986 (since amended, see RSMo Supp.1989); § 478.225, RSMo 1986 (since repealed, see RSMo Supp 1989); and § 517.081, RSMo Supp.1988. The latter section is part of chapter 517, "Procedure Before Certain Associate Circuit Judges".

Section 478.225.2(1) authorized an associate circuit judge to hear actions for the recovery of money "when the sum demanded, exclusive of interest and costs, does not exceed fifteen thousand dollars". The counterclaim here was in two counts. Count I asked for actual damages of $100,-000 for breach of contract and for punitive damages. Count II stated that property of defendants was improperly retained by plaintiffs and was of the actual value of $34,000. That count prayed for the return of the property or for damages for the wrongful taking of it as would be just and proper.

Section 517.081(1), RSMo Supp.1988, provides that when a party files a counterclaim in a case pending under chapter 517 that exceeds the jurisdiction of cases triable under that chapter the case shall be certified for assignment by the presiding judge of the circuit or processed in accordance with local rules. As noted above, certification occurred. The 38th Judicial Circuit has no rules providing for a different procedure.

Section 478.225.3, RSMo Supp.1986 (since repealed, see RSMo Supp.1989), provides that associate circuit judges may hear cases outside those regularly before that office if assigned to an associate circuit judge pursuant to certain sections of the statutes or article V of the Missouri Constitution. Subsection 4 of § 478.225 provides that in addition an associate circuit judge can hear "within the county of their residence any other civil case if a written consent to such hearing and determination executed by all of the parties to the case, either personally or by counsel, is filed of record in the case."

No such consent appears in the record. However, following the hearing on plaintiffs' motion to set aside the judgment the trial judge found that "Plaintiff Herbert Tucker acted with power of atty from all plaintiffs and filed a Motion for Continuance w/Court 'Pro Se' for all plaintiffs ... Ct finds all parties agreed and assented to

---

1. As plaintiffs filed a reply, their failure to appear did not make this a default judgment. See

*Taylor v. Taylor,* 742 S.W.2d 630, 631–632 (Mo. App.1988).

Judge Anthony McConnell to hear and determine cause".

At least at the time of the judgment (see § 478.220, RSMo Supp.1989, effective August 28, 1989), the jurisdiction of an associate circuit judge, absent the written consent above described, was confined by statute to the cases enumerated in § 478.225.1–.2, RSMo 1986, except where assigned by the presiding judge, by court rule, or by order of the supreme court. *Jurgens v. Ram Leather Care,* 687 S.W.2d 955, 956 (Mo.App.1985). See also *State ex rel. McNaul v. Bonacher,* 711 S.W.2d 566 (Mo.App.1986).

An associate circuit judge had neither constitutional nor statutory authority to adjudicate a civil action for money in excess of that provided by statute unless under assignment from the presiding judge, through a court rule, or by assignment from the supreme court, or under the written consent of the litigants made a record in the case. *Jurgens,* 687 S.W.2d at 958. The parties cannot confer by agreement subject matter jurisdiction to an associate circuit judge except by the written consent provided by statute. *Id.* at 958–959. For a valid judgment the judge rendering it must have subject matter jurisdiction. See *In re Estate of Simmermon,* 601 S.W.2d 691, 692–693 (Mo.App.1980).

Defendants appear to be arguing that as an assignment was made to Judge McConnell by the presiding judge of the 38th Judicial Circuit after the counterclaim had been filed, Judge McConnell had jurisdiction to hear this matter. As earlier noted, the order followed the disqualification of Associate Circuit Judge Chowning and granted Judge McConnell "the same powers and responsibilities as the associate circuit judge in Taney County". This was before the case had been certified to the presiding judge because of the counterclaim and there is nothing in the order indicating that the presiding judge intended that the matter be assigned to Judge McConnell to be heard as a class of case ordinarily exceeding his subject matter jurisdiction. The above quoted language from the order indicates to the contrary.

The motion for continuance apparently filed by plaintiff Herbert Tucker upon which the court appears to have found that the parties agreed and assented to Judge McConnell hearing the matter is not in the record. However, we do not think that by making such a request subject matter jurisdiction can be acquired by him. The statute requires an express, not an implied consent.

Upon the filing of the counterclaim Judge McConnell was obligated to, and did certify the cause to the presiding judge and he lost jurisdiction to take further action. Absent an assignment or written consent in accordance with § 478.225.3–.4, neither of which occurred, Judge McConnell had no further authority to hear the matter. At the time of judgment the cause was pending before the presiding judge awaiting reassignment. As Judge McConnell lacked subject matter jurisdiction, the judgment is void and subject to being set aside under Rule 74.06(b)(4).[2]

The judgment is set aside and the cause remanded to the Presiding Judge of the 38th Judicial Circuit for reassignment.

CROW, P.J., and PARRISH, J., concur.

---

2. Rule 74.06(b)(4) provides:
   "**(b) Excusable Neglect—Fraud—Irregular, Void, or Satisfied Judgment.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: ... (4) the judgment is void; ...."