**STATE of Missouri, ex rel. Donna McNAUL, Relator,**

v.

**Honorable Donald BONACKER, Judge of the Circuit Court of Greene County, Missouri, Division 3, Respondent.**

No. 14645.

Missouri Court of Appeals,
Southern District,
Division Two.

June 3, 1986.

Bob J. Keeter, Wear, Keeter, Karchmer, Nelms, Kirby & Johnson, Springfield for relator.

Mark E. Maddux, Springfield, for respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

CROW, Judge.

## PRELIMINARY ORDER MADE ABSOLUTE

In this original proceeding in prohibition, Donna McNaul seeks an order from us preventing a judge from dismissing a lawsuit. A procedural history of the lawsuit is necessary in isolating the issues we must decide.

On May 22, 1985, Donna McNaul filed a three-count petition in the Circuit Court of Greene County. Count I asserted a claim against Debbie Seagraves, praying for $5,000 damages. Count II asserted another claim against the same defendant, again praying for $5,000 damages. Count III asserted a claim against Jack Seagraves, praying for $5,000 damages. The caption of the petition, in setting forth the name of the court, said, "In the Circuit Court of Greene County, Missouri, Associate Division," an apparent indication by Donna McNaul that, by reason of the nature of the suit, it should be assigned to an associate circuit judge, not to a circuit judge. In that regard, we note that § 478.225.2, RSMo 1978, provides, in pertinent part:

"Each associate circuit judge ... may hear and determine the following cases or classes of cases:

(1) Except as otherwise provided by law, all civil actions and proceedings for the recovery of money, whether such action be founded upon contract or tort, ... when the sum demanded, exclusive of interest and costs, does not exceed five thousand dollars;

...."

On the date the suit was filed, an entry was made on the court's "docket sheet" stating:

"Pray [sic] exceeds the jurisdication [sic] of the Court. Case assigned to to [sic] the Presiding Judge for assignment."

This entry was evidently made by reason of § 478.225.4, RSMo 1978, which provides:

"An associate circuit judge shall not hear and determine cases other than those authorized by subsections 1, 2 and 3 of this section, except that associate circuit judges may hear and determine such cases or classes of cases which are transferred or assigned to them pursuant to section 478.240 or 478.245 or section 6 of article V of the constitution."

While the identity of the official who made the entry on the "docket sheet" is not shown, the official obviously concluded that inasmuch as the sum of the amounts claimed in the three counts of Donna McNaul's petition was $15,000, the action was not one that an associate circuit judge was authorized to hear and determine under subdivision "(1)" of subsection "2" of § 478.225, RSMo 1978, quoted earlier in pertinent part. Thus, it seems to us, the official must have reasoned that in order for the cause to be heard and determined by an associate circuit judge, it would have

to be assigned to an associate circuit judge pursuant to § 478.240, RSMo 1978, quoted in pertinent part in an upcoming paragraph.

On May 23, 1985, an entry was made on the "docket sheet" stating:

"By order of the Presiding Judge, this cause assigned to Associate Circuit Judge, Div. 1, for trial with an electronic record being made."

This entry was evidently made pursuant to § 478.240.2, RSMo 1978, which provides, in pertinent part:

"Subject to the authority of the supreme court and the chief justice under article V of the constitution, the presiding judge of the circuit shall have ... the authority to assign judges to hear such cases or classes of cases as the presiding judge may designate.... Such assignment authority shall include the authority to authorize particular associate circuit judges to hear and determine cases or classes of cases in addition to those authorized in section 478.225."

The next relevant occurrence took place, as best we can tell, on July 1, 1985, when the defendants Seagraves requested a change of judge. In regard thereto, the "docket sheet" states:

"Petition for Change of Judge sustained. Case certified to Presiding Judge for assignment."

The next day (July 2, 1985), an entry was made on the "docket sheet" stating:

"By order of the Presiding Judge, this cause assigned to Associate Circuit Judge, Div. 3."

On July 24, 1985, Donna McNaul filed a first amended petition in which, among other changes, the prayers in each of the three counts were increased to $9,000.

On August 23, 1985, Debbie Seagraves, citing Rule 55.05, Missouri Rules of Civil Procedure (16th ed. 1985), moved to strike the dollar amount of damages pleaded and prayed for in Count I, on the ground that such count "may allege that Defendant Debbie Seagraves is or acted as a health care provider." The motion was granted September 4, 1985, with Donna McNaul receiving leave to amend Count I of the first amended petition to pray for such damages as were fair and reasonable. A formal amendment to that effect was filed September 17, 1985.

The cause was thereafter set for trial as the number two case for November 25, 1985. On that date, the "docket sheet" shows:

"Request for Change of Judge filed by defts Seagraves. Cause certified to Presiding Judge for assignment."

A later entry on the "docket sheet" under date of November 25, 1985, states:

"By order of the Presiding Judge, this cause assigned to Associate Circuit Judge, Division 2."

Under date of December 17, 1985, the "docket sheet" shows:

"Request For Change of Judge filed by Attorney Bob Keeter.[1] Sustained. Case certified to Presiding Judge for assignment."

On December 19, 1985, an entry was made on the "docket sheet" stating:

"Case assigned to Circuit Court Judge Division 3."

The Honorable Donald Bonacker ("Respondent"), a circuit judge, is the judge of Division 3.

On December 23, 1985, Respondent sent the following letter to the attorney for Donna McNaul and to the attorney for the Seagraveses:

"As you may recall, I was assigned to act as an Associate Circuit Judge in the above-referenced case, which pends in the Associate Circuit Court, Division 2.

In reviewing the file, it is apparent that defendants have been allowed a change of judge on two occasions and on neither occasion were actual grounds for change of judge stated.

Second, it appears that the case cannot be filed in the Associate Circuit Court because of lack of jurisdiction. The

---

1. Attorney of record for Donna McNaul.

amounts requested in the prayer of the petition exceed the jurisdiction of the Associate Circuit Court. Therefore, please be advised that at 9:00 A.M. on December 31, 1985, the court will give the parties an opportunity to be heard as to whether or not the case should be dismissed for lack of jurisdiction in the Associate Circuit Court of Greene County."

At this juncture, we pause to observe that Respondent's letter refers to the "Associate Circuit Court." No such tribunal exists in the Missouri state court system.

Mo.Const. art. V, § 1 (1945, amended 1976) provides:

"The judicial power of the state shall be vested in a supreme court, a court of appeals consisting of districts as prescribed by law, and circuit courts."

Mo.Const. art. V, § 14(a) (1945, amended 1976) provides, in pertinent part:

"The circuit courts shall have original jurisdiction over all cases and matters, civil and criminal."

■ Two types of judges carry out the judicial duties of the circuit courts, circuit judges and associate circuit judges. As explained in Cohen, *Civil Practice Before Associate Circuit Judges Since the Court Reform*, 37 J.Mo.Bar 217, 218 (1981), associate circuit judges are not judges of general jurisdiction who may hear all types of cases at all times. Rather, associate circuit judges may hear certain types of cases at all times, but may hear other types of cases only under special circumstances, one such circumstance being by assignment per § 478.240.2, RSMo 1978, quoted earlier in pertinent part.

Judicial circuit number 31 consists of Greene County, alone. § 478.153, RSMo 1978. There are five circuit judges in judicial circuit 31. § 478.513.1, RSMo 1978. They sit in divisions numbered one, two, three, four, and five. *Id.* There are three associate circuit judges in judicial circuit 31, § 478.320.1, RSMo 1978, as the population of Greene County, since the 1970 census, has exceeded 150,000. Official Manual, State of Missouri, 1979–1980, p. 1225. It appears from the record that the associate circuit judges in judicial circuit 31 sit in divisions designated Associate Division 1, Associate Division 2, and Associate Division 3, respectively.

We glean from the record before us that in judicial circuit 31, the "filing fee" for a case to be heard by an associate circuit judge pursuant to subdivision "(1)" of § 478.225.2, RSMo 1978, is a lesser amount than the fee for a case to be heard by a circuit judge. We mention this because Donna McNaul's attorney, upon receiving Respondent's letter of December 23, 1985, protested to Respondent that after the case was filed, Donna McNaul was required to pay an additional fee by the circuit clerk, for the reason that the case was of a type which, unless specifically assigned by the presiding judge to an associate circuit judge, would be heard by a circuit judge. The record here includes receipts evidencing payment of the original filing fee and the supplemental fee.

On January 2, 1986, Respondent made an entry on the "docket sheet," the relevant portion of which states:

"The court finds that the petition herein was originally filed before an associate circuit judge and has not been refiled before a circuit judge. The court finds that there is no agreement under M.R.S. 478.225.6 consenting to the jurisdiction and that defendants have objected thereto. The jurisdiction of an associate circuit judge is limited and the action exceeds the limit established by M.R.S. 478.225.4.[2] Therefore, the parties are advised that this action will be dismissed for lack of jurisdiction on January 30, 1986, unless the court is otherwise directed by extraordinary writ."

Donna McNaul, henceforth referred to as "Relator," promptly filed a petition for a writ of prohibition with us. We issued a preliminary order in prohibition, forbidding Respondent from taking further action in

---

2. Section 478.225.4, RSMo 1978, is quoted earlier in this opinion.

the suit, and setting a deadline for Respondent to answer Relator's petition.

Respondent filed an answer within the time allowed.[3] Relator then filed a brief. Respondent filed no brief.

Respondent, in reaching the conclusions set forth in his docket entry of January 2, 1986, and in his letter of December 23, 1985, apparently reasoned that because an associate circuit judge, under § 478.225.-2(1), RSMo 1978, quoted earlier in pertinent part, would have no authority to hear and determine a civil action when the sum demanded, exclusive of interest and costs, exceeded $5,000, he, acting as an associate circuit judge, would be under the same disability.

We disagree with Respondent for two reasons.

■ First, as explained earlier, associate circuit judges may hear and determine, in addition to the types of cases described in subsections "1," "2," and "3" of § 478.225, RSMo 1978, such other cases or classes of cases as may be transferred or assigned to them pursuant to §§ 478.240 or 478.245, RSMo 1978, or Mo.Const. art. V, § 6 (1945, amended 1976). *See:* § 478.225.4, RSMo 1978. Nothing in the record before us indicates that the Seagraveses ever challenged the validity of the May 23, 1985, order of the Presiding Judge of the Circuit Court of Greene County assigning the underlying case to the judge of Associate Division 1 of that Court for trial with an electronic record. *See:* §§ 478.072.1 and 517.010.3, RSMo 1978. It appears that the assignment was made per § 478.240.2, RSMo 1978, quoted earlier in pertinent part. We perceive no reason why such assignment would not vest the judge of Associate Division 1 with authority to hear and determine the case, even though, absent such assignment, said judge would not have had that authority under § 478.225.-2(1), RSMo 1978, also quoted earlier in pertinent part.

■ We likewise find no contention by the Seagraveses that the orders of the Presiding Judge assigning the case to the judge of Associate Division 3, and subsequently to the judge of Associate Division 2, which were necessitated by the granting of the applications for change of judge,[4] were invalid. The fact that Relator, while the case was pending before the judge of Associate Division 3, filed a first amended petition increasing the prayers of all three counts to $9,000, would not, as we see it, have divested the judge of Associate Division 3 of authority to hear and determine the case, inasmuch as it was not—at that time—pending before him by reason of § 478.225.2(1), RSMo 1978, but rather was pending before him per assignment by the Presiding Judge under § 478.240.2, RSMo 1978. The same situation prevailed, in our view, after the case was assigned to the judge of Associate Division 2.

Consequently, had the case gone to trial before the judge of Associate Division 2, we see no reason why that judge would have lacked authority to proceed. Thus, even if Respondent, once the case reached him, had been obliged to handle it as if he were exercising the authority of the judge of Associate Division 2, Respondent would have had, in our view, sufficient authority to hear and determine the case.

■ However, in our opinion, Respondent, when the case was assigned to him, was not compelled to proceed as if he were exercising the authority of the judge of Associate Division 2. Therein lies the second reason why we disagree with Respondent's intended dismissal of the case.

We find nothing in the pertinent statutes providing that when a case previously assigned to an associate circuit judge per § 478.240.2, RSMo 1978, is later assigned by the presiding judge of the circuit to a circuit judge, the latter's authority to hear and determine the case becomes the same

---

3. The answer was filed on Respondent's behalf by the attorney representing the Seagraveses in the underlying suit.

4. The propriety of granting the Seagraveses a second change of judge is not in issue here, and we express no opinion thereon.

as that of the associate circuit judge to whom the case was previously assigned. That is, a circuit judge does not act as an associate circuit judge, with respect to such a case, merely because such case was once assigned to an associate circuit judge per § 478.240.2, RSMo 1978.

Lest what we say be misunderstood, we emphasize that what we are discussing is the *authority* of Respondent to hear and determine the underlying case. We are not discussing the *procedural law* applicable to the pleadings or the trial. In that regard *see:* § 517.520.2, RSMo 1978.[5] This prohibition proceeding, as we view it, presents no issue of pleading or procedure, but simply the question of Respondent's authority to hear and determine the underlying case. We need not, and do not, express any view regarding the procedural rules applicable to the pleadings and trial of the underlying case.

What occurred in the underlying case underscores the fact that occasionally there is confusion about the structure of the circuit courts as they now exist under the reorganization brought about by the amendments to Mo.Const. art. V adopted by election August 3, 1976, effective January 2, 1979, and by the implementing legislation, H.B. 1634, Laws 1978, pp. 696–976.

In *City of Kansas City v. Rule*, 673 S.W.2d 21, 24–25 (Mo. banc 1984), it is explained that under the unified court plan, associate circuit judges are not intended merely to assume the jurisdiction and powers of the former magistrates. Both the constitutional amendments and the statutory scheme enacted thereunder reflect a clear intent to enlarge the role of the divisions of the circuit courts served by associate circuit judges beyond that of the now abolished magistrate courts, in order to better utilize judicial manpower and to expedite the handling of cases. In leaving the breadth of the jurisdiction of the associate divisions of the circuit courts to the judiciary, the General Assembly may well

have believed that the circuit courts, subject to the supervision of the Supreme Court and certain statutory restrictions (some of which are mentioned in this opinion), can best decide what cases or classes of cases should be assigned to associate circuit judges in order to promote the efficient administration of justice in Missouri.

Respondent's belief that he had no authority to hear and determine the underlying case may have been based in part on the fact that Relator, as explained earlier, initially paid a filing fee in an amount ordinarily charged for a case heard by an associate circuit judge under § 478.225.2(1), RSMo 1978. In that regard, once it was determined that the case, by reason of the amount demanded, could not be heard by an associate circuit judge unless transferred or assigned pursuant to §§ 478.240 or 478.245, RSMo 1978, or Mo.Const. art. V, § 6, it was entirely proper for the circuit court to insist that Relator make an additional cost deposit so that the filing fee would equal the amount for a case to be heard by a circuit judge. However, once Relator paid the required fee and the case was assigned by the Presiding Judge to the judge of Associate Division 1 per § 478.-240.2, RSMo 1978, said judge and his successors, including Respondent, were authorized to hear and determine the case, even after the sums prayed for in the three counts were escalated in the first amended petition. In that regard, see generally *State ex rel. Amato v. Clifford*, 689 S.W.2d 78 (Mo.App.1985).

Perhaps the cryptic orders assigning the case to the judge of Associate Division 1, and then, in turn, to the judges of Associate Divisions 3 and 2, should have more fully explained that the case was being assigned pursuant to § 478.240.2, RSMo 1978. We observed earlier, however, that the record before us contains no contention by the Seagraveses that any of those orders were insufficient to effect an assignment of the case under that section. Ac-

---

**5.** Chapter 517, RSMo 1978, is repealed effective January 1, 1987, by Laws 1985, pp. 945–62, which replaces the current statutes in chapter 517 with 17 new sections numbered 517.011 to 517.161, RSMo Supp.1985.

cordingly, we have proceeded, in this opinion, on the assumption that the assignment of the case to each associate circuit judge, in turn, was made pursuant to § 478.240.2. However, even if those assignments, or any of them, had been defective, we perceive no reason why Respondent, a circuit judge, lacked authority to hear and determine the case once it was assigned to him. No contention is made by the Seagraveses that the assignment of the case to Respondent was invalid.

The preliminary order in prohibition is made absolute. Respondent is forbidden from dismissing the case on the grounds stated in his entry of January 2, 1986, or in his letter of December 23, 1985.

PREWITT, C.J., HOGAN, P.J., and MAUS, J., concur.