**Settie Gerdine HOEY,
Petitioner-Respondent,**

v.

**James ROYSTON,
Respondent-Appellant.**

**No. 51237.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 3, 1987.

Peggy Thompson-Hardge, St. Louis, for respondent-appellant.

Nelson B. Rich, St. Louis, for petitioner-respondent.

PER CURIAM:

Father appeals from an order modifying a child support decree entered on January 9, 1986. On January 13, 1986, father filed a motion to set aside the order. A hearing on the motion to set aside was heard and denied on January 17, 1986. On January 21, 1986, father filed a motion for new trial. Mother then filed a motion to dismiss the January 21 new trial motion contending that the motion to set aside the order had been, in essence, a motion for new trial. Mother's motion to dismiss was sustained on February 13, 1986.

Father filed a notice of appeal on February 21, 1986. Mother then filed a motion with our court asking that the appeal be dismissed because the notice of appeal was not timely filed thereby depriving us of jurisdiction. The motion was taken with the case.

If a motion for new trial is timely filed, the judgment becomes final at the expiration of 90 days after the filing of the motion or, if the motion is passed on at an earlier date, then at the date of disposition of the motion. Rule 81.05. We have examined the January 13 motion and conclude, as did the trial court, that it should be considered a *motion for new trial*, although it was designated "motion to set aside." *See Ward v. Davis*, 701 S.W.2d 192, 194 (Mo.App.1985); *Hamm v. Hamm*, 437 S.W.2d 449, 452–53 (Mo.App.1969). The judgment, for appeal purposes, thus became final on January 17, 1986, when the January 13 motion was denied.

A notice of appeal must be filed not later than 10 days after the judgment or order appealed from becomes final. Rule 81.04. The filing of the notice of appeal on February 21, 1986, therefore, was not timely, and we are without jurisdiction to entertain this appeal. Rule 81.07 permits a late notice of appeal under certain circumstances, but father did not attempt to comply with this rule.

Father's reliance on *Ozark Border Electric Cooperative v. Stacy*, 348 S.W.2d 586 (Mo.App.1961) and *Triller v. Hellwege*, 374 S.W.2d 104 (Mo.1963) is misplaced. Those cases involve the issue of an attempt to appeal from an order overruling a motion for new trial rather than from a final judgment; they do not deal with the issue of an untimely notice of appeal.

Appeal dismissed.