**DIVISION OF FAMILY SERVICES, et al., Petitioners-Respondents,**

v.

**Michael Howard DAVISON, Defendant-Appellant.**

No. 14562.

Missouri Court of Appeals, Southern District, Division Two.

March 12, 1987.

Leland L. Gannaway, Loren R. Honecker, Springfield, for defendant-appellant.

Thomas E. Mountjoy, Pros. Atty., Richard E. Monroe, Asst. Pros. Atty., Springfield, for petitioners-respondents.

MAUS, Judge.

Associate Division 2 of the Circuit Court of Greene County entered a judgment declaring the defendant to be the father of a child and ordering the payment of support in the amount of $219 per month. The judgment also awarded to the State of Missouri a lump sum of $6,103 for reimbursement of public assistance to the mother for the support of the child.

The following is a summary of the decisive procedural background. The petition was in two counts. The first alleged the defendant was the father of a male child. It prayed for the court to declare that to be so.

The allegations of the second count included the following. The mother was without adequate funds to care for the child. The defendant had sufficient assets and was able-bodied and capable of providing for the support of the child. The Division of Family Services was paying the mother $209 per month for the support of the child. The mother had assigned any and all accrued, present and future rights to support in behalf of the child to the Missouri Division of Family Services. The second count prayed for an order directing the defendant to pay for the support of the child such sums as the court determined to be reasonable. It also prayed for a judgment in favor of the State of Missouri for reimbursement of public assistance.

The petition was filed in Associate Division 1. Responsive pleadings were filed. A request for jury trial was filed and sustained. The case was placed upon the jury trial docket. The petitioners' motion for

discovery by a blood test of the defendant was granted.

The petitioners then filed a Motion for Sanctions. This motion alleged the defendant did not appear for the blood test, but sent a substitute. It prayed that the defendant's pleadings be stricken and a default judgment entered against him.

On July 1, 1985, the defendant's motion for a change of judge was sustained and the case was "certified to Presiding Judge for assignment." The presiding judge assigned the case to "Associate Circuit Judge, Div. 2."

On August 2, 1985, the attorneys for the parties appeared in Associate Division 2. The court inquired to determine the issue before the court. The attorneys agreed it was the motion for sanctions. The petitioners further stated there was an issue of who appeared for the blood test.

The court announced it would hear evidence on who appeared and would set the matter for hearing.

On August 19, 1985, counsel for the parties appeared. Counsel for the petitioners stated, "The issue here today is whether or not there was a fraud perpetrated upon the Court at the time the blood was drawn." The testimony of the petitioners' first three witnesses was confined to the issue of who appeared for the blood test. After a recess, the mother appeared and testified. She testified to facts which would establish the defendant's paternity of the child. The defendant then offered evidence concerning the identity of the person who appeared for the blood test. The petitioners offered evidence in rebuttal on that issue. The trial court took the matter under advisement. Thereafter it entered the judgment noted above.

The defendant's first point is that the trial court erred because it lacked subject matter jurisdiction. In argument, he first observes that the petition sought a declaratory judgment. He contends that "under provisions of laws in effect on January 1, 1979," § 478.225.2(8),[1] such case could not have been heard by a magistrate judge. Therefore, he concludes the trial court lacked jurisdiction of the subject matter and the judgment is void.

The petitioners counter with the following argument. Upon an application for a change of judge, the case was certified to the presiding judge. The presiding judge assigned the case to Associate Division 2. Therefore, petitioners conclude the Associate Circuit Judge of Associate Division 2 was sitting with the authority of a circuit judge. Petitioners cite *State ex rel. McNaul v. Bonacker,* 711 S.W.2d 566 (Mo. App.1986).

However, *McNaul* does not aid the petitioners' position. In *McNaul,* the plaintiff amended her petition to seek a judgment in excess of the limit of $5,000 prescribed by § 478.225.2(1). For that reason the cause was certified to the presiding judge. The presiding judge then assigned the cause "to Associate Circuit Judge, Div. 1, for trial with an electronic record being made." Id. at 568; § 517.520.2. This court held that upon a subsequent change of judge, an assigned circuit judge was vested with the authority of a circuit judge.

Section 478.225.4 provided:

> An associate circuit judge shall not hear and determine cases other than those authorized by subsections 1, 2 and 3 of this section, except that associate circuit judges may hear and determine such *cases* or classes of cases *which are transferred or assigned to them* pursuant to section 478.240 or 478.245 or section 6 of article V of the Constitution. (emphasis added).

Obviously § 478.245, dealing with local rules, and § 6 of Article V of the Constitution are not involved. Section 478.240.2 in part provided:

> [T]he presiding judge of the circuit court shall have ... authority to assign any judicial or court personnel anywhere in the circuit, and shall have the authority

---

1. The judgment in this action was entered before January 1, 1987. Section 478.225 and Chapter 517 were revised by L.1985, S.B. 5. The revised provisions are declared to be effective January 1, 1987. All references in this opinion to that Section or Chapter, unless specifically stated to the contrary, shall be to the Section or Chapter in effect prior to the revision.

to assign judges to hear such cases or classes of cases.... Such assignment authority shall include the authority to authorize particular associate circuit judges to hear and determine cases or classes of cases in addition to those authorized in section 478.225.

Not every assignment of an associate circuit judge was an exercise of the authority of the presiding judge to authorize that judge to hear a case "in addition to those authorized in § 478.225." § 478.240.2. That authority was exercised when a case was certified to the presiding judge and an assignment made under § 517.520.2. *McNaul v. Bonacker,* supra. It was not exercised when an associate circuit judge was disqualified and a successor was assigned under § 517.520.1.[2]

However, it does not follow that the court had no jurisdiction of the subject matter and the judgment is void. The use of the terminology "associate division" has apparently led to some misconception. It is abundantly clear there is but one circuit court. *State ex rel. McNaul v. Bonacker,* supra; *Rohrer v. Rohrer,* 700 S.W.2d 879 (Mo.App.1985). That court has plenary original jurisdiction of the subject matter of "all cases and matters, civil and criminal." Mo. Const. Art. V, § 14(a) (1945, amended 1976). The issue presented in this case is not jurisdiction of the court. It is whether or not an assignment of an associate circuit judge carried with it the authority of a circuit judge. *Ploudre v. Ploudre,* 676 S.W.2d 296 (Mo.App.1984). Such an assignment may be compared to the appointment of a judge or transfer or election of a special judge.

[1] This court holds that the assignment of an associate circuit judge by reason of disqualification of an associate circuit judge, sitting with only the authority to hear cases included in subsections 1, 2 and 3 of § 478.225, did not de jure vest the

successor judge with the authority of a circuit judge. This raises the question if the successor judge may be accorded the authority of a circuit judge upon a de facto basis.

The recognition of the authority of one as a de facto judge is well recognized. "More particularly, one in possession of a judicial office created and in existence by law, under color of right, assuming and exercising the functions of the office with a good-faith belief in his right to exercise the authority, invoked and acquiesced in by the parties, the bar, court officials and the public, is a de facto officer." 46 Am.Jur.2d Judges § 241 (1969). The doctrine has been applied where the act creating a court has been found invalid, *Hamrick v. George,* 378 P.2d 324 (Okl.1963); *State ex rel. McLeod v. Court of Probate of Colleton County,* 266 S.C. 279, 223 S.E.2d 166 (1976); there was a question concerning the interchange of judges, *Martin v. Dowling,* 204 Tenn. 34, 315 S.W.2d 397 (1958); and where a judge acted before the date of his special assignment, *Leary v. United States,* 268 F.2d 623 (9th Cir.1959). For a summary of other circumstances in which such authority has been recognized, see 46 Am.Jur.2d Judges § 243.

> The doctrine is recognized in this state. This being so, Judge Elliston was at least a de facto judge, since as a special judge of a court of general jurisdiction he purported to act under color of the authority of a supreme court appointment, made of record, and actually exercised the judicial functions he was appointed to assume. The lack of authority of a de facto judge is a matter of error, not jurisdiction, and not being timely objected to, was waived.

*State v. Householder,* 637 S.W.2d 324, 327 (Mo.App.1982). Also see *State ex rel. McGaughey v. Grayston,* 349 Mo. 700, 163 S.W.2d 335 (banc 1942); *Brinkerhoff-Faris Trust & Savings Co. v. Gaskill,* 356 Mo.

---

**2.** Section 517.061, effective January 1, 1987, provides that upon a change of judge "the case record shall remain in the division of the court where filed." Section 517.081, effective January 1, 1987, provides for certification upon an application for a change of judge. Section 478.225.3, effective January 1, 1987, provides that "[a]n associate circuit judge may hear and determine such additional cases or classes of cases that are assigned to the associate circuit judge pursuant to section 478.240, 478.245, or *517.081,* RSMo, or article V of the Missouri Constitution." (emphasis added).

61, 201 S.W.2d 274 (1947); *Acy v. Inland Security Company*, 287 S.W.2d 347 (Mo. App.1956).

■ "There is a tremendous amount of confusion among practitioners, and not without justification, as to which rules of practice and procedure apply in civil causes pending before associate circuit judges." Cohen, Civil Practice Before Associate Circuit Judges, 37 J. of Mo. Bar 217, 217 (1981). This confusion included the scope of the authority of an assigned associate circuit judge. In this case the court had jurisdiction of the subject matter. The assigned associate circuit judge was acting under color of right by reason of assignment. He was acting in good faith believing he had authority to proceed with the cause. The parties throughout the proceedings, including the hearing resulting in the judgment in question, acquiesced in that authority. An objection was first raised after judgment by the losing party. The principles calling for the recognition of a de facto judge, discussed in the authorities cited, call for recognition on a de facto basis that in this case the assigned associate circuit judge acted with the authority of a circuit judge. On that basis this court would, if the same was otherwise valid, uphold the judgment of the trial court.

■ The defendant's second point is that the trial court erred in entering judgment on the merits of the case. The record demonstrates the case was set for a hearing upon the petitioners' Motion for Sanctions. At the hearing the parties acknowledged "The issue here today is whether or not there was a fraud perpetrated upon the court at the time the blood was drawn." The defendant had no notice that upon the basis of the hearing, absent the imposition of a default judgment as a sanction, the court would determine paternity and the other issues raised by the petition. There was no evidence concerning the needs of the child or the ability of the defendant to pay.

The petitioners argue that the entry of the judgment is a finding the defendant did not appear for the blood test and that the imposition of a default judgment was an appropriate sanction. The argument has no factual basis. The judgment recites "the Court having fully considered Petitioner's Petition ... and the evidence in support thereof, ... finds as follows: ...." There was no finding, expressed or implied, upon the hotly contested issue of the defendant's appearance for the blood test. For a discussion of the necessity of findings supporting the extreme sanction of a default judgment see *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir.1977), cert. denied, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978); *Hammons v. Hammons*, 680 S.W.2d 409 (Mo. App.1984). Cf. *Kohn by Curtis v. Kohn*, 672 S.W.2d 174 (Mo.App.1984). Under the circumstances, there was no foundation for the judgment upon the merits.

If the associate circuit judge who held the hearing upon the Motion for Sanctions was still in office, the cause could be remanded for a determination of the Motion for Sanctions upon the record. However, this court takes judicial notice that the judge is no longer in office. *Swabey v. Boyers*, 71 S.W.2d 110 (Mo.App.1934). Rule 79.01 provides:

> If by reason of his going out of office, death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact are filed, then any other judge sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

This is substantially the same as Rule 63 of the Federal Rules of Civil Procedure. In determining the course of action to be followed in a similar situation the following determination by a successor trial judge was approved: "Since Rule 63 specifies that a new Judge may act where the previous Judge had already made findings of fact and conclusions of law, it follows that if the prior Judge had not made those

findings and conclusions, then a new trial is required." *Arrow-Hart, Inc. v. Philip Carey Co.*, 552 F.2d 711, 712 (6th Cir.1977).

A determination upon the record of the hearing upon the motion in this case must be based upon an assessment of the credibility of the witnesses. See *Thompson v. Sawyer*, 219 A.D.C. 393, 678 F.2d 257 (1982). As stated, the trial court made no express or implied finding upon that motion. No facts can be deemed found in accordance with the result reached as provided in Rule 73.01. Cf. *Crockett v. Crockett*, 628 S.W.2d 371 (Mo.App.1982). Under these circumstances if the motion is to be determined, a new hearing is required. *Smith v. Smith*, 558 S.W.2d 785 (Mo.App. 1977).[3] The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

PREWITT, P.J., and FLANIGAN, J. concur.

HOGAN, J., not participating.

---

**3.** The absence of de jure authority of the associate circuit judge of Division 2 to hear this case has been noted. Upon remand, appropriate orders should be entered to assign the same to a judge with such authority.