**Jay BRICKELL and Ruth Ann Brickell, Plaintiffs-Appellants,**

v.

**Glen HOPWOOD, Defendant-Respondent.**

No. 14880.

Missouri Court of Appeals, Southern District, Division One.

May 12, 1987.

Samuel P. Spain, Hyde, Purcell, Wilhoit, Spain, Edmundson & Merrell, Poplar Bluff, for plaintiffs-appellants.

Clinton D. Summers, Elizabeth A. Blaich, Poplar Bluff, for defendant-respondent.

GREENE, Presiding Judge.

Plaintiffs, Jay Brickell and Ruth Ann Brickell, appeal from the trial court's order dismissing their petition which sought to recover funds allegedly due them on a promissory note executed by defendant, Glen Hopwood.

On February 8, 1973, Hopwood executed the note in question, in which he promised to pay the Brickells the sum of $4,500 on demand. No payment was made on the note until January 27, 1976, when Hopwood paid $580. When no further payments were made, the Brickells' attorney, on January 24, 1986, mailed a petition in which the Brickells were plaintiffs and Hopwood the defendant, to the clerk of the Circuit Court of Butler County, Missouri. Poplar Bluff, the place where the note was executed, is in Butler County.

The petition alleged the making of the note, that demand for payment had been made and refused, and that the balance due on the note was $3,920, plus interest and attorney fees. The petition was accompanied by a filing fee and a letter from the lawyer telling where service could be obtained on Hopwood. The documents were received by the circuit clerk on January 27, 1986, and the petition was stamped "filed" as of that date. Later that day, and evidently because of local court Rule 4.2, which provides that in civil cases such as this, where the amount prayed for is less than $5,000, the case shall be heard and determined in Division II of the Butler

County Circuit Court, the file stamp of January 27, 1986, that had been put on the petition was "whited out," and the petition and filing fee were "walked down" to the clerk of Division II. For some reason not disclosed by the record, no entries concerning the case were made by the Division II clerk on January 27, 1986. On January 28, 1986, the petition was stamped "filed" and summons was issued as of that date.

Later, Hopwood's attorney filed a motion to dismiss the petition, contending that the cause of action was barred by the statute of limitations. Section 516.110.1 [1] provides that any action brought on any writing which is the basis of a claim that money is owed shall be commenced with 10 years. In cases such as this, the statute has been construed to mean within 10 years from the date of the last payment on the note. See, e.g., *Fowler v. Sone*, 226 S.W. 995, 995 (Mo.App.1920). See generally, 12 Am-Jur2d, *Bills & Notes*, § 1061, at pp. 77–78.

For the purpose of computing the ten-year period, the day of execution of the note is excluded, and the last day of the limitation period is included, § 1.040, which means that if the petition was filed on January 27, 1986, it was timely filed, but, if it was not filed until January 28, 1986, the action was barred by the statute of limitations.

In sustaining the motion to dismiss, the judge of Division II noted, on his docket sheet: "Court now rules that Div. II under Court Rules of 36 judicial cir. of Mo. has original jurisdiction of this case. The record shows the case filed 1–28–86. Court's decision is that the statute of limitations had run. Deft's motion to dismiss sustained."

The Brickells appeal from that order contending that their lawsuit was timely filed. We agree, and reverse and remand.

The evidence is undisputed that the petition was received and stamped "filed" by the circuit clerk of Butler County on January 27, 1986. Butler County is in the 36th Judicial Circuit, which is comprised of Butler and Ripley counties. The circuit is presided over by a circuit judge whose court is designated as Division I. There are three associate circuit judges, two in Butler County and one in Ripley County. The court divisions of the two Butler County associates are designated Divisions II and III—Butler County.

While the associate judge of Division II–Butler County had jurisdiction to hear and determine the controversy, by virtue of statute (§ 478.225.2(1)), and local court rule (4.2), such jurisdiction, as contended by Hopwood, and evidently believed by the associate circuit judge presiding over Division II, is not exclusive. Article V, § 14(a) of the Missouri Constitution provides that circuit courts have original jurisdiction over all civil and criminal cases. There is only one circuit court within a circuit, which in this case is presided over by the circuit judge. While the court has several divisions, Hopwood's contention that Division II is an independent satrapy, is an exercise in legal fiction.

There is no such thing as an associate circuit court, *State ex rel. McNaul v. Bonacker*, 711 S.W.2d 566, 569 (Mo.App.1986), and, therefore, this case cannot be considered as filed in the associate circuit court, since such a court does not exist. *Ploudre v. Ploudre*, 676 S.W.2d 296, 298 (Mo.App.1984). The presiding judge of the circuit (Division I) had jurisdiction to hear and determine the case, if he chose to do so. § 478.070. The circuit clerk of Butler County who received and stamped the petition "filed" on January 27, 1986, was authorized by law to make such filing. Section 483.390.1 provides that in all civil actions, any party interested therein may, upon payment of the fees (which was done here) have petitions, summons, etc., recorded in the office of the clerk of the circuit court in the county in which the action was brought.

Once the filing was made, it should not have been "whited out," but should have been transferred, if the judge of Division I so desired, to Division II. The recording that the petition was filed in Division II on January 28, 1986, is a judicial nullity. The

**1.** Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S.

case was timely filed on January 27, 1986. Since this is so, the court's order sustaining Hopwood's motion to dismiss was erroneous.

It is ordered that the ruling of Division II of the Circuit Court of Butler County sustaining defendant's motion to dismiss is set aside, and the cause is remanded to the Circuit Court of Butler County for trial on the merits.

CROW, C.J., and DAVIS, Special Judge, concur.