**James Carol ROBINSON, Respondent,**

v.

**Janette M. LOHMAN, Director of Revenue, Appellant.**

**No. 21281.**

Missouri Court of Appeals, Southern District, Division Two.

July 21, 1997.

Jeremiah (Jay) Nixon, Attorney General, James A. Chenault, III, Special Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Charles McElyea, Philip J. Morgan, Phillips, McElyea, Walker & Carpenter, P.C., Camdenton, for respondent.

CROW, Presiding Judge.

This case confirms that although eighteen years have passed since the Missouri court system was restructured, the misconception that there is an associate circuit court has stubbornly resisted extinction.

Pursuant to § 302.505,[1] the Director of Revenue ("Director") suspended the license of James Carol Robinson ("Robinson") to operate a motor vehicle. Subsequent administrative review per § 302.530 resulted in "a determination adverse to [Robinson]."

Robinson thereupon commenced this action by filing a petition June 7, 1996, in the Circuit Court of Camden County, Associate Circuit Judge Division. Robinson's petition sought trial de novo pursuant to § 302.535.[2]

The court clerk issued a summons to Director showing a "Court Date and Time" of "7/18/96 01:00 P.M." The summons stated, *inter alia:* "If you fail to appear at the time and place stated in this summons, judgment by default may be taken against you for the relief demanded in the petition."[3]

The record indicates that a copy of the summons, accompanied by a copy of Robinson's petition, was delivered to Director by the United States Postal Service on June 26, 1996.

On July 15, 1996 (three days before the "Court Date" designated in the summons), counsel for Director filed an "Entry of Appearance and Answer" in the trial court. The answer admitted some averments of Robinson's petition, but pled facts which, if true, supported the suspension of Robinson's license.

On July 18, 1996, Robinson and his lawyer appeared in the trial court at the appointed time. No one appeared for Director.

The trial court asked Robinson's lawyer whether he had been contacted by Director about a continuance. Robinson's lawyer replied, "No, I have not, Your Honor."

The trial court announced Director had filed no request for a continuance, and inasmuch as the burden of proof was on Director, the court found "all issues in favor of [Robinson] against [Director]." Later that day, the court entered a "Judgment and Order" commanding Director to rescind any suspension

---

1. Section 302.505 was amended effective August 28, 1996. Laws of Missouri, C.C.S.S.C.S.H.S.H.C.S.H.B. 1169 and 1271, pp. 599–623. However, the events from which this case arose occurred during the time that §§ 302.500–.540, RSMo 1994, were in effect. In this opinion, references to statutes are to RSMo 1994 except where otherwise indicated. Section 302.505 reads, in pertinent part:

    "1. The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was ten-hundredths of one percent or more by weight of alcohol in his blood. . . ."

2. Section 302.535 reads, in pertinent part:

    "1. Any person aggrieved by a decision of the department may file a petition for trial de novo by the circuit court. The burden of proof shall be on the state to adduce the evidence. Such trial shall be conducted pursuant to the Missouri rules of civil procedure and not as an appeal of an administrative decision pursuant to chapter 536, RSMo. The petition shall be filed in the circuit court of the county where the arrest occurred. The case shall be decided by the judge sitting without a jury. The presiding judge of the circuit court may assign a *circuit judge* or an *associate circuit judge* to hear such petition. . . ."
    (Emphasis added.)

3. The relief sought in Robinson's petition was an order commanding Director to rescind the suspension and return Robinson's license to him.

of Robinson's license and to immediately return the license to Robinson.

On August 19, 1996, Director filed in the trial court a "Motion to Set Aside Order for Lack of Jurisdiction." We henceforth refer to the motion as the "post-judgment motion." The post-judgment motion averred, *inter alia:*

"1. That [Robinson] filed his petition in the associate circuit court which is the improper court pursuant to § 302.535 RSMo which requires the petition for trial de novo be filed in the circuit court.

2. That this court lacked jurisdiction pursuant to statute to enter its order requiring [Director] to reinstate [Robinson's] driving privileges."

The post-judgment motion prayed the trial court to set aside the judgment of July 18, 1996, for "lack of jurisdiction."

The trial court denied the post-judgment motion on September 26, 1996.

Director commenced this appeal by filing a notice of appeal on October 3, 1996.

■ Before reaching the assignment of error in Director's brief, we confront a motion by Robinson to dismiss the appeal on the ground that Director's notice of appeal was untimely.

Robinson points out that Rule 81.04(a)[4] provides that no appeal shall be effective unless the notice of appeal is filed not later that ten days after the judgment or order appealed from becomes final. According to Robinson, the judgment here became final thirty days after the trial court entered it. Robinson bases that conclusion on Rule 75.01, which provides that a trial court retains control over judgments during the thirty-day period after entry. Robinson asserts that inasmuch as the trial court left the judgment undisturbed during the thirty-day

period, the judgment became final August 17, 1996.

Robinson reminds us that Director waited until October 3, 1996, to file the notice of appeal. That was more than six weeks after expiration of the thirty-day period specified in Rule 75.01. Consequently, proclaims Robinson, Director missed the ten-day deadline established by Rule 81.04(a).

Had Director not filed the post-judgment motion, Robinson's premise that Director's notice of appeal was untimely would be correct. However, Director's post-judgment motion brought Rule 81.05(a) into play. It reads, in pertinent part:

"In the event a motion for a new trial is timely filed, the judgment becomes final at the expiration of ninety days after the filing of such motion or, if such motion is ruled on at an earlier date, then at the later of the date of disposition of said motion or thirty days after entry of judgment. Authorized after-trial motions shall be treated as, and as a part of, a new trial motion for the purpose of ascertaining the time within which an appeal must be taken, and all such after-trial motions shall be disposed of at the same time."

Evidently aware of the above rule, Robinson insists that Director's post-judgment motion was not an authorized after-trial motion within the meaning of Rule 81.05(a), hence it did not postpone finality of the judgment.[5]

In support of his position, Robinson cites cases where appellate courts have held various types of motions were not authorized after-trial motions. However, the motions in those cases differ from Director's post-judgment motion to such an extent that those cases are not controlling.

Director cites *Hoey v. Royston,* 723 S.W.2d 929 (Mo.App. E.D.1987), for the proposition

---

4. Rule references are to Missouri Rules of Civil Procedure (1996).

5. Robinson concedes that Director had thirty days after entry of the judgment to file an authorized after-trial motion. Robinson also concedes that Director's post-judgment motion was filed within thirty days after entry of the judgment, calculated pursuant to Rule 44.01(a). That rule provides that in computing any period of time

prescribed by the Rules, the last day of the period so computed is to be included unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday. The thirtieth day after entry of the judgment here was Saturday, August 17, 1996. Accordingly, the thirty-day period ran until the end of Monday, August 19, 1996.

that a motion to set aside a judgment constitutes a motion for new trial. In *Hoey*, the appellate court, after examining a motion to set aside an order, concluded (as did the trial court) that the motion should be considered a motion for new trial. *Id.* at 930[2]. Unfortunately, the opinion does not set forth the reason presented by the motion for setting the order aside, hence we cannot measure Director's post-judgment motion against the motion in *Hoey*.

■ However, as noted earlier, Director's post-judgment motion averred the trial court should set aside the judgment because the court lacked jurisdiction to enter it, as Robinson filed his petition in the wrong court. The purpose of a motion for new trial is to give the trial court the opportunity to correct error without the delay, expense and hardship of an appeal. *Pruitt v. Community Tire Co.*, 678 S.W.2d 424, 429[2] (Mo.App. W.D.1984). Inasmuch as that was the purpose of Director's post-judgment motion, we hold the motion should be considered a motion for a new trial.

It follows that Rule 81.05(a) postponed finality of the judgment until September 26, 1996, the date the trial court denied Director's post-judgment motion. Consequently, Director's notice of appeal was timely. Robinson's motion to dismiss the appeal is denied.

■ Director's sole point relied on reads:

"The court below erred in setting aside the suspension action because the court lacked subject matter jurisdiction, in that it was not the court designated by § 302.535, RSMo., for filing the petition for trial de novo."

Director's lawyer tells us in the argument following the point that § 302.535.1 [6] requires that a petition for trial de novo be filed in the *circuit court*. That is *indubitably correct*.

However, the next sentence of the argument declares: "While said section further provides for the presiding judge to transfer the matter to an associate circuit judge, it does not authorize filing the petition in the *associate circuit court* to begin with." (Emphasis added.)

■ We respond to that declaration by pointing out, as emphatically as we know how, that there is no "associate circuit court" in the Missouri court system!

To grasp that apparently elusive concept, one must begin with the election of August 3, 1976, at which the citizens of Missouri amended the Constitution of Missouri by adopting Conference Committee Substitute for Senate Joint Resolution No. 24, Laws of Missouri 1975–1976, pp. 819–34, which made sweeping changes in the Missouri court structure. Prior to the 1976 amendments, Art. V, § 1 of the Constitution of Missouri (1945, amended 1970) provided:

"The judicial power of the state shall be vested in a supreme court, a court of appeals consisting of districts as prescribed by law, circuit courts, probate courts, the St. Louis courts of criminal correction, the existing courts of common pleas, magistrate courts, and municipal corporation courts."

Art. V, § 1, adopted at the 1976 election, reads:

"The judicial power of the state shall be vested in a supreme court, a court of appeals consisting of districts as prescribed by law, and circuit courts."

Art. V, § 14(a), adopted at the 1976 election, reads:

"The circuit courts shall have original jurisdiction over all cases and matters, civil and criminal. . . ."

Art. V, § 17, adopted at the 1976 election, reads:

"Associate circuit judges may hear and determine all cases, civil or criminal and all other matters as now provided by law for magistrate or probate judges and may be assigned such additional cases or classes of cases as may be provided by law. . . ." [7]

"Circuit judges and associate circuit judges may hear and determine all cases and matters within the jurisdiction of their circuit courts, subject

6. Footnote 2, *supra*.

7. Section 478.220, as amended by Laws of Missouri 1989, C.C.S.H.C.S.S.C.S.S.B. 127, 72, 161, 171, 275 and 120, pp. 1049–70, now provides:

To implement the changes resulting from the constitutional amendments adopted in 1976, the General Assembly of Missouri enacted the Court Reform and Revision Act of 1978. Laws of Missouri 1978, H.B. 1634, pp. 696–976. That legislation was drafted by a Transition Committee appointed by the Supreme Court of Missouri. Bartlett, *House Bill No. 1634 Judicial Article Implementation As Truly Agreed and Finally Passed April 30, 1978,* 34 J. Mo. Bar 315 (1978).

The constitutional amendments adopted in 1976 and the Court Reform and Revision Act of 1978 took effect simultaneously on January 2, 1979. C.C.S.S.J.R. 24, Laws of Missouri 1975–1976, § 27, p. 828, and H.B. 1634, Laws of Missouri 1978, § B.1, p. 975. On that date magistrate courts ceased to exist, their jurisdiction was transferred to the circuit court, and they became divisions of the circuit court. C.C.S.S.J.R. 24, Laws of Missouri 1975–1976, § 27.2.a, pp. 828–29. The magistrate courts did *not* survive as associate circuit courts. That is clearly explained in Bartlett, 34 J. Mo. Bar 315–16:

"The Judicial Article mandates on January 2, 1979, a single trial court—the circuit court, but with provisions made for three categories of judges—the circuit judges . . . associate circuit judges . . . and municipal judges. . . .

Flowing from the single trial court requirement is the concept of the circuit court possessing original jurisdiction of all civil and criminal cases, with the three categories of judges to hear and determine different categories of cases within that jurisdiction. The terminology 'hear and determine' is utilized in the legislation rather than the terminology of judges having 'jurisdiction.' "

Any notion that magistrate courts were merely renamed associate circuit courts on January 2, 1979, and survived as separate courts from the circuit courts should have been dispelled by *Ploudre v. Ploudre,* 676 S.W.2d 296, 298 (Mo.App. E.D.1984):

however, to the following restrictions [specified in subsections (1), (2) and (3) ]."

"There are but three courts in the State of Missouri as provided by Article V § 1, of the Missouri Constitution: 'The judicial power of the state shall be vested in a supreme court, a court of appeals consisting of districts as prescribed by law, and circuit courts.'

The circuit courts are the only courts on the trial level. There is no longer a magistrate court and the constitution as amended did not create an associate circuit court. Magistrates were integrated into the judicial system as associate circuit judges. . . .

Associate circuit judges may originally hear and determine those cases enumerated in § 478.225. In addition they may hear and determine those cases or classes of cases as may be assigned to them by order of the presiding judge of the circuit under § 478.240; pursuant to local court rules under § 478.245.1; or by order of the Supreme Court under Art. V, § [6], Mo. Const." [8]

The Supreme Court of Missouri confirmed there is no associate circuit court in the Missouri court system in *Gregory v. Corrigan,* 685 S.W.2d 840, 842 (Mo. banc 1985):

"The 1976 amendments to the judicial article create a three tier court system consisting of the Supreme Court, Courts of Appeals, and the Circuit Courts. Mo. Const. art. V, § 1 (1945, as amended 1976). Probate, magistrate and municipal courts are abolished as separate entities and incorporated into the circuit system as divisions of the circuit courts. Mo. Const. art. V, § 27.2(a), (b) (1945, as amended 1976). The constitutional amendments did not fashion associate circuit courts. Instead, the former magistrates were enveloped into the circuit system as associate circuit judges to be assigned to particular divisions of the circuit court."

Other cases teaching that there is no associate circuit court in the Missouri court system include *State ex rel. McNaul v. Bonacker,* 711 S.W.2d 566, 569 (Mo.App. S.D.1986), *Brickell v. Hopwood,* 729 S.W.2d 241, 242

8. Sections 478.225, 478.240 and 478.245 were part of the Court Reform and Revision Act of 1978.

(Mo.App. S.D.1987), and *Tittsworth v. Chaffin,* 741 S.W.2d 314, 316 n. 5 (Mo.App. S.D. 1987).

*Brickell,* cited in the paragraph above, is analogous to the instant case. There, the holders of a note filed suit to collect $3,920 allegedly due on it. 729 S.W.2d at 241. The petition and filing fee were received by the clerk of the circuit court on the final day allowed by the statute of limitation. *Id.* Because a local court rule provided that civil cases where the amount in dispute was less than $5,000 were to be heard and determined by a division of the court presided over by an associate circuit judge, the clerk's file stamp was "whited out" and the papers were "walked down" to the clerk of the associate division. *Id.* at 241–42. The latter clerk stamped the petition filed the next day. *Id.* at 242.

The obligor on the note moved to dismiss the suit on the ground that it was barred by limitation, as the petition was filed one day late. *Id.* The associate circuit judge granted the motion. On appeal, this court reversed, saying:

> "There is only one circuit court within a circuit.... While the court has several divisions, [the obligor's] contention that [the associate division] is an independent satrapy, is an exercise in legal fiction.
>
> There is no such thing as an associate circuit court, *State ex rel. McNaul v. Bonacker,* 711 S.W.2d 566, 569 (Mo.App. 1986), and, therefore, this case cannot be considered as filed in the associate circuit court, since such a court does not exist.... The circuit clerk ... who received ... the petition ... was authorized by law to make such filing....
>
> Once the filing was made, it should not have been 'whited out,'.... The recording that the petition was filed in [the associate division] on [the ensuing day] is a judicial nullity. The case was timely filed...."

*Id.* at 242–43.

█ The only difference between *Brickell* and the instant case in regard to the filing of the petition is that in *Brickell* the petition was filed with the circuit clerk, whereas Robinson apparently filed his petition with a clerk of the associate circuit judge division. It is nonetheless clear from *Brickell* that the filing of a petition with a clerk of any division of the circuit court constitutes a filing with the circuit court. Consequently, we hold Robinson filed his petition in the Circuit Court of Camden County, not in a nonexistent "associate circuit court." [9]

Having decided that, we turn to the cases cited in Director's brief. Two of them, *State ex rel. Coyle v. O'Toole,* 914 S.W.2d 871 (Mo.App. E.D.1996), and *Oxley v. Director of Revenue,* 920 S.W.2d 956 (Mo.App. E.D. 1996), have no relevance whatever to the instant case. Each of those cases arose in the Twenty–First Judicial Circuit under a statute authorizing the circuit court to create a traffic court and to appoint traffic court commissioners to hear certain types of violations. Because § 302.535, subd. 1 [10] provides that a petition for trial de novo be heard by a circuit judge or an associate circuit judge, the Eastern District of this Court held a traffic court commissioner lacked authority to hear such a petition. *Coyle,* 914 S.W.2d at 872; *Oxley,* 920 S.W.2d at 956–57.

What occurred in *Coyle* and *Oxley* did not occur here. Robinson's petition was heard and determined by an associate circuit judge in compliance with § 302.535, subd. 1.

The other cases cited in Director's brief are cases where a person challenging an order of Director either filed his petition in the circuit court of the wrong county or filed it too late. Those cases are inapposite, as Director does not attack Robinson's petition on either of those grounds.

Section 478.245, subd. 1(1) authorizes adoption of local circuit court rules providing for classes of cases to be assigned to particular divisions of the court.

---

9. Unfortunately, the summons issued to Director by the clerk was headed "SUMMONS Associate Circuit Court." As this court warned in *Tittsworth,* 741 S.W.2d at 316 n. 5, the use of such terminology tends to compound confusion.

10. Footnote 2, *supra.*

Robinson's brief avers the Twenty–Sixth Judicial Circuit (which embraces Camden County, § 478.140) has a local rule providing that petitions for review of driver's license revocations shall be filed in the office of the division clerk of the associate circuit judge for the appropriate county within the circuit and shall be heard and determined in that division by an associate circuit judge unless otherwise transferred.

■ We have no reason to doubt the accuracy of Robinson's brief. However, the local rule to which he refers was not received in evidence in the trial court, and we cannot take judicial notice of a local rule which has not been made part of the record. *Sher v. Chand,* 889 S.W.2d 79, 81[2] (Mo.App. E.D. 1994).

Nonetheless, we observe that § 517.011, subd. 1 reads:

"1. The provisions of this chapter shall apply to the practice and procedure in civil cases originally filed before associate circuit judges in hearing and determining the following cases or classes of cases:

. . . .

(3) All cases arising under chapter ... 302 ... RSMo[.]"

The above statute obviously contemplates that where local court rules provide that cases arising under chapter 302 shall be heard and determined by an associate circuit judge, such cases may be filed in that division of the circuit court.

Accordingly, if the local rule in Camden County says what Robinson's brief claims it says, Robinson filed his petition in the correct division of the circuit court. However, even had Robinson filed his petition in the wrong division—we do not imply he did—he nonetheless filed it in the Circuit Court of Camden County. That is confirmed by *Rohrer v. Rohrer,* 700 S.W.2d 879 (Mo.App. E.D.1985). There, two petitions were filed in the circuit court. One was filed in the "regular" division, *id.* at 880; the other was filed in the probate division. *Id.* Each pled the same facts and sought essentially the same relief. *Id.* at 879. Each was dismissed. The appellate court held:

"Under our present Constitution there is one circuit court in each circuit having original jurisdiction over all cases and matters, civil and criminal. Art V, Sec. 14(a). . . . There is no basis under our presently existing law for a finding of lack of jurisdiction because a case is erroneously delineated as brought in, or is filed in, the wrong division of the circuit court. The need to transfer the case from one division to another does not amount to a lack of jurisdiction of the circuit court over the case."

*Id.* at 879–80.

Director's contention that the court in which Robinson filed his petition "was not the court designated by § 302.535, RSMo., for filing the petition for trial de novo" is patently meritless. Director's point relied on is denied.

We do not ignore the argument in Director's reply brief that by providing in § 302.535, subd. 1 that petitions for trial de novo may be filed in the circuit court, and that the presiding judge may assign an associate circuit judge to hear such petitions, the General Assembly of Missouri "intended that these matters be governed by the rules generally controlling circuit court proceedings" instead of the procedures set forth in chapter 517. According to Director, it is unrealistic "to expect [Director] to have attorneys available for every associate circuit court in this state on (at best) 30 days' notice."

We acknowledge the formidable task assigned Director in appearing in courts throughout the state in cases under § 302.535, subd. 1. However, in § 517.011, subd. 1(3), quoted earlier, the General Assembly of Missouri clearly provided that such cases can be heard and determined by associate circuit judges under chapter 517 procedures.

Director is not without a method for obtaining relief when hearings in § 302.535, subd. 1 cases are scheduled in two or more courts on the same day. Section 517.071 provides for continuances upon request made on or before the return date of the summons.

As we have seen, on the return date in the instant case, the trial court asked Robinson's

lawyer whether he had been contacted by Director about a continuance. It is inferable that the trial court would have granted a continuance in compliance with § 517.071 had Director requested one. The record is void of any such request.[11]

Having found no merit in the sole claim of error presented by Director, we affirm the judgment of the circuit court.

PARRISH, J., and MONTGOMERY, C.J., concur.

---

11. We note in passing that the lawyer who filed the entry of appearance and answer for Director in the trial court is not the lawyer representing Director in this appeal. The lawyer who filed the pleading may have assumed that the filing would automatically postpone the hearing. Interestingly, that lawyer apparently understood that the case was pending in the circuit court, not in an "associate circuit court." The caption on the pleading began: "In the Circuit Court of Camden County, Missouri, Associate Circuit Judge Division." In contrast, the cover on Director's brief states: "Appeal from the Associate Circuit Court of Camden County, Missouri."