**Dennis SAUNDERS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 26021.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 15, 2004.

Application for Transfer to Supreme
Court Denied July 2, 2004.

Application for Transfer Denied
Aug. 24, 2004.

Arthur Allen, Columbia, for appellant.

Jeremiah W.(Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Dennis Saunders (movant) was convicted, following a plea of guilty, of the class D felony of resisting arrest. § 575.150, RSMo Cum.Supp.1998. Following incarceration

movant filed a *pro se* motion for post-conviction relief as permitted by Rule 24.035. Counsel was appointed and an amended motion filed. The motion court entered Findings of Fact and Conclusions of Law and denied the motion without an evidentiary hearing. This court affirms.

■ Movant presents one point on appeal. He contends the motion court erred in denying his Rule 24.035 motion because the trial court "was without jurisdiction to accept [movant's] plea and sentence him for a felony charge because the state had failed to comply with Missouri Supreme Court Rule 23.03 [1999] which requires an information be filed within ten days of the date of the order requiring the defendant to answer to the charge." Movant asserts the order requiring him to answer the charge for which he was convicted "was entered on November 22, 1999, and the information filed on December 7, 1999."

On November 22, 1999, the motion court found that movant waived his right to preliminary hearing and ordered him bound over for arraignment in the Circuit Court of Camden County on December 13, 1999, at 9:00 a.m. It found that an information was filed in movant's criminal case December 7, 1999; that on December 13, 1999, movant was arraigned and pleaded not guilty; that he later filed notice that he intended "to rely on the defense of mental disease or defect." The motion court further found that "[o]n January 29, 2001, [movant] withdrew his plea of not guilty and not guilty by reason of mental disease or defect in Count III. The [trial] Court accepted his plea of guilty and sentenced [movant] to serve 5 years in the department of corrections in accordance with the negotiated plea." [1]

The motion court concluded:

1. Movant was originally charged by informa-    tion with five felony counts. The offense to

1. The provisions of Supreme Court Rule 23.03 [1999] provide that "an information charging a felony shall be filed not later than ten days after the date of the order requiring the defendant to answer to the charge." The information in [movant's criminal] case was filed on December 7, 1999, 15 days after the order transferring the case to Circuit Court for arraignment.

2. However, this Court finds that Supreme Court Rule 23.11 [1999] addresses the issue of defects in the original filing of the information. The rule states that "an indictment or information shall not be invalid, nor shall the trial, judgment, or other proceedings on the indictment or information be stayed, because of any defect that does not prejudice the substantial rights of the defendant."

3. Additionally, the court does find that Rule 23.11 [1999] applies to defects involving late filing of the information in the case, and as such, [movant] is required to establish that he suffered substantial prejudice or that he suffered any hardship in the preparation of his case as a result of the delay in the filing of the information. *State v. Glaese*, 956 S.W.2d 926, 934 (Mo.App. S.D.1997). See also *State v. Denny*, 619 S.W.2d 931, 936 (Mo.App. S.D.1981).

4. The Court finds that [movant] presented no evidence that he suffered any substantial prejudice by the delay and further finds that the delay in filing the information did not cause the arraignment in this case to be delayed in that [movant] was arraigned on the information on the date provided in the order of the Associate Circuit Court [sic].[2]

■ When a felony charge is initiated by complaint, as occurred in movant's underlying criminal case, a preliminary hearing is required. § 544.250, RSMo 1994. Rule 23.03 [1999] provides, "An information charging a felony shall be filed not later than ten days after the date of the order requiring the defendant to answer to the charge. The court having jurisdiction of the offense may extend the time for good cause shown." As the motion court found, the information filed in movant's case was filed 15 days following entry of the order requiring him to answer to the charge. In *Glaese*, 956 S.W.2d at 933–34, and *Denny*, 619 S.W.2d at 936, cases on which the motion court relied in denying movant's motion for post-conviction relief, this court held, absent prejudice resulting from a delay in filing the information, that it was not error for a trial court to continue with proceedings on an information filed more than ten days following a defendant being bound over at preliminary hearing to answer charges lodged by criminal complaints. Movant made no allegation that he was prejudiced by the delay in filing the information in his criminal case.

In *State v. Eaton*, 504 S.W.2d 12 (Mo. 1973), the court addressed a 40–day delay in scheduling a preliminary hearing in magistrate court rather than postponing the preliminary hearing "not to exceed ten days" as required by then applicable court rules. It concluded, "The delay in question, while illegal, was an irregularity only

---

which he pleaded guilty was Count III. The other four counts were nolle prosequied as part of a negotiated plea agreement.

**2.** In *Robinson v. Lohman*, 949 S.W.2d 907 (Mo.App.1997), reference was made in briefs filed in this court to the "associate circuit court" rather than to the associate circuit judge division of the circuit court. This court stated, "We respond to that declaration by pointing out, as emphatically as we know how, that there is no 'associate circuit court' in the Missouri court system!" *Id.* at 910.

and did not deprive the magistrate or circuit court of jurisdiction." *Id.* at 20. It held, "Such delay 'will not invalidate the conviction ultimately obtained, in the absence of prejudice' resulting from the delay." *Id., quoting State v. Caffey,* 438 S.W.2d 167, 171, 173(Mo.), *cert. denied,* 396 U.S. 853, 90 S.Ct. 114, 25 L.Ed.2d 405 (1969). That characterization is apropos to this case. The delay in filing the information following preliminary hearing was violative of the then (and currently) existing court rule; however, there being no allegation of prejudice resulting from that delay, it amounts to an irregularity. It does not affect movant's conviction.

The motion court's findings of fact and conclusions of law were not clearly erroneous. Movant's point on appeal is denied. The order denying his Rule 24.035 motion is affirmed.

RAHMEYER, C.J., and BATES, J., concur.